## Phelps *v.* Sage.

In the Court below,

MARY SAGE, *Plaintiff*; FREDERICK PHELPS, *Defendant.*

THIS was an action of ejectment; to which the general issue was pleaded.

On the trial, the defence set up was, that before the commencement of the suit, the plaintiff had conveyed the premises to *Patrick Johnson*. To repel this defence, the plaintiff offered to prove, that at the time she gave the deed, she and *Johnson* were both ousted of possession, by the entry and adverse possession of the defendant; claiming, that in consequence of which the deed was void, under the statute against selling disputed titles. To the admission of this evidence, the defendant objected, on the ground that the plaintiff was estopped from alleging any thing against her own deed, and that she could not be permitted to allege her own violation of law as the basis of a recovery. The Court over-ruled the objection, and admitted the evidence. In the further progress of the trial, it appeared, that the plaintiff claimed under a mortgage deed, and the defendant under a subsequent absolute deed, from the same person. In order to shew, that the plaintiff's title was divested, the defendant offered to prove, that after the expiration of the law-day, the whole mortgage money was paid to the plaintiff's satisfaction. To the admission of this evidence the plaintiff objected, alleging that no payment of the money, or settlement of the debts, after the law-day had expired, could divest the plaintiff's title, and revest it in the mortgagor, but that the remedy was by application to a court of chancery. On this principle, the Court rejected the evidence. To the ruling of the Court, in both instances, the defendant filed his bill of exceptions.

In ejectment, the defence set up was a conveyance from the plaintiff to a third person before the suit; to repel this defence, the plaintiff was permitted to prove, that at the time of executing the deed, both the grantor and grantee were out of possession.

The title to a mortgaged estate, after the law-day has expired, does not re-vest in the mortgagor, by the mere payment and acceptance of the mortgage money.

1805.

PHELPS
v.
SAGE.

*Smith*, (of Woodbury,) for the plaintiff in error.

1. The plaintiff had given a deed, which carried, on the face of it, an assurance, that it was every way well executed ; that the grantor owned the land, and that she had good right to sell it. She was then estopped to say, that such deed was a void one. (*a*)

Further, in saying this, the plaintiff accused herself of a crime, and made that crime the ground of recovery. But he who seeks justice, must seek it from pure fountains. The law will not aid a man who has paid money on an illegal consideration to recover it back. (*b*)

The selling of disputed titles, without possession, is a crime at common law, as well as prohibited by statute. (*c*)

2. The Superior Court erred, by rejecting our testimony, to shew, that the mortgage debt was paid, to the full satisfaction of the mortgagee. By the acceptance of the money, he *waived* any advantage, which he might have had by the lapse of the law-day.

*Daggett*, for the defendant in error.

1. The deed was stated to be a *void* one ; and the evidence offered went to prove it such. A void deed could not be an estoppel in any case ; clearly, it could not estop a party from proving it to be void. A party, who has given a deed or a bond, on any illegal consideration, is constantly allowed to avoid it.

There is no foundation for the assertion, that the plaintiff was guilty of a crime, or of a misfeasance, in executing the deed in question ; for the statute operates not only in

(*a*) 10 *Vin. Abr.* 461, 463, 470.
(*b*) *Bul. Ni. Pri.* 131,2.
(*c*) 1 *Hawk. P. C.* 553. *c.* 86. § 1.

ease of an *actual ouster*, but of an adverse possession of which the grantor is wholly ignorant; and a party is not to be presumed to have violated the law knowingly.

2. The payment of the mortgage money, after the law-day, could only give a right to redeem. The legal title was in the plaintiff, and would there remain until she should transfer it to another. The only relief for the mortgagor is in chancery. Infinite mischiefs would accrue, if the jury were permitted, on the general issue, to settle the business between the mortgagor and mortgagee.

BY THE COURT unanimously,

The judgment was affirmed.

## Lyman *v.* Edwards.

In the Court below,

JUSTIN LYMAN, and ELIAS LYMAN, *Plaintiffs*; JONATHAN W. EDWARDS, *Defendant*.

THIS was an action of *assumpsit*, in which, as the foundation of the promise, the following facts were stated: On 31st of March, 1798, *Jacob Ogden* assigned a promissory note, in his favour, against *Turell Tufts*, to the defendant, as collateral security for a debt due from *Ogden* to the defendant, by note. To enable the defendant to collect the note of *Tufts*, and apply the avails to his own use, *Ogden* indorsed *Tufts'* note in blank. On the 14th of April, 1798,

A. being indebted to B. assigned to him, as collateral security, a promissory note against C. which B. in pursuance of instructions from A. and in his name,

put in suit, by foreign attachment, leaving a copy with D. After judgment against C. on this note, and execution returned *non est*, B. still acting as attorney to A. brought a *scire-facias*, in A.'s favour, against D. recovered judgment, took out execution, and collected the money. After the latter judgment, and before B. received the money, A. assigned that judgment to B. authorizing him to receive the money, without any further accountability, than to apply it in satisfaction of his debt against A. Afterwards, the judgment on the *scire-facias* was reversed; and A. being a bankrupt, D. brought *assumpsit* against B. to recover back the money:—Held, that this action could not be sustained.

W