Overton, J.
The first question has long since been decided ; it was however raised since his being on the bench, and he was so unfortunate as to differ from the majority of the court ; he thought that, any clear, legal title shewn by the defendant, to be subsisting out of the lessor of the plaintiff, ought, upon principles of law, to defeat the action.*
Upon the second ground, the court consisting of Emmerson, J. & Overton, J. agreed with Whiteside, that supposing the legislature had the power to give the preference contemplated by the 5th section,which was much doubted, it was evident that, that section, did not confer any legal, vested right,but only gave a power to acquire a right of preference, which is perfectly inert until exercised.
The court, as to the third objection taken, were of opinion, that the legislature of Tennessee had no right to pass the 7th section of the act of 1801. As to perfecting titles to lands in this state, it was expressly reserved to North Carolina,, until she had complied with her engagements, after which the power was to reside in the United States. The very terms on which we held our existence as a state, forbid the exercise of the right of eminent domain. By the compact between North Carolina and this state, *245 in 1804, and the act of congress in 1806, this state acquired the right to perfect titles to lands with in certain ascertained limits within the state, which includes much the greatest part of it. Until this compromise, and assent of the general government, this state had no right to make a title to an acre of soil in the state.
The patent to the lessor of the plaintiff is valid.
Verdict for the plaintiff.

See 1 Dall 18. 2 Day 151. 2 Gould’s Ed. Esp.N.P. 32