## DAVID C. BURR *vs.* NATHANIEL SPENCER.

A defendant in ejectment can not set up an outstanding mortgage of the plaintiff to a stranger, either to show that the plaintiff has no legal title, or to show that his actual title is different from that alleged.

A tract of land was demised for a term of years, " together with the quarry or quarries thereon, and the privilege of getting out stone in the same ; also the privilege of getting out stone in any part of said tract, and to use and occupy said land in any manner that the lessees may choose, and for all purposes necessary and convenient for carrying on the quarrying business." The lease also provided that the lessees should have the use of a certain wharf for the purpose of hewing stones thereon, and of shipping them, and that the rent should be seven per cent. of the value of the stone quarried and sold. Held that the lessees were not restricted in the use of the demised premises to the quarrying of stone.

Held also, that there was no such ambiguity in the language of the lease as to render admissible evidence *aliunde* of an intent of the parties that the use should be so restricted, for the purpose of aiding the court in giving a construction to the lease.

An owner in fee of a tract of land, which he had previously demised for a term of years by a lease duly executed and recorded, with the assent of the tenant resumed possession of a part of the demised premises and leased the same by parol to S. While S. was in possession thereof under such lease, the tenant for years, for a valuable consideration, conveyed all his interest to B., who at the time had no knowledge of the parol lease to S. Held, that S. could not avail himself of such parol lease as a defense to an action of ejectment brought by B.

ACTION of disseissin, tried to the jury on the general issue with notice, at the term of the superior court holden at Haddam in November, 1856.

The demanded premises consisted of about one quarter of an acre of land with a dwelling house thereon, in Middletown, and constituted part of a tract containing about thirty acres. In February, 1853, Jeremiah Brainerd, then owner in fee of the whole tract (the dwelling-house not then being thereon,) by lease duly executed and recorded, demised the same to Samuel Arnold 2nd and Isaac Arnold, " together with the quarry or quarries thereon, and the privilege of getting out stone in the same ; also the privilege of getting out stone in or on any part of said lot or piece of land, and to use and occupy said land in any manner they may choose, and for all purposes necessary and convenient for carrying on the

quarrying business, for the term of twenty years from the first day of April, 1853, to have and to hold," &c., " the said Samuel and Isaac Arnold, paying the said Brainerd seven per cent. on the price of all the stone they may quarry or get out on said land and sell ; the per centage to be reckoned on the value of the stone when quarried and unhewed, or in the rough ; payment to be made in a reasonable time after the sale of and payment for said stone, and not before." The lease also gave to the lessees for the same term the use of a wharf for the purpose of hewing stones upon it and shipping them therefrom. In June, 1856, the Arnolds for a valuable consideration conveyed to the plaintiff, by quit-claim deed in the common form, their interest in the property so leased to them ; and the plaintiff mortgaged back to them the same interest to secure the payment of certain notes.

In 1855, however, the said Brainerd having obtained permission from the Arnolds to occupy the demanded premises which were situated at some distance from the quarry, with their assent removed a small building thereto, and leased it and the demanded premises by parol to the defendant; all of which was unknown to the plaintiff at the time of his purchase. The defendant, at the time when the suit was brought, was occupying the building as a dwelling-house, and was in possession of the demanded premises, claiming title thereto under the parol lease from Brainerd.

Upon the trial the plaintiff offered in evidence the lease from Brainerd to the Arnolds, and the quit-claim deed from the Arnolds to the plaintiff; and no other evidence of his title to the demanded premises was offered by him or heard by the jury. The defendant claimed title in himself under the parol lease from Brainerd, and also offered in evidence the mortgage deed before mentioned from the plaintiff to the Arnolds. Upon these facts the defendant asked the court to charge the jury that the legal title was not in the plaintiff and that he could not sustain his action. But the court instructed them that the plaintiff could sustain his action notwithstanding the mortgage, as the defendant was a stranger thereto.

The plaintiff's declaration averred that the plaintiff was " well seized and possessed" of the demanded premises " in his own right as a tenant for years." The defendant asked the court to charge the jury that the evidence of title upon which the plaintiff relied, did not sustain the averment that he was tenant for years, but was variant, and not admissible for that purpose; but the court charged that the evidence was admissible for that purpose and that it fully sustained the averment.

The defendant claimed that the intention of Brainerd in giving the lease to the Arnolds was to convey to them the right to work a quarry on the premises and nothing more, and that the professed object of the Arnolds in procuring the lease was to acquire that right only ; and for the .purpose of aiding in giving a construction to the lease, the defendant offered evidence of a certain conversation between the parties to the lease in relation to the purpose for which it was desired and given ; and for the same purpose the defendant offered evidence that the land described in the lease was mostly wood-land, and that its value consisted chiefly in the trees growing thereon, and that the quarry occupied but a limited portion of the tract. To this evidence the plaintiff objected, and the court rejected it.

The defendant also asked the court to charge the jury that the intention of the parties to the lease, as manifested by the terms of the lease itself, was to convey and acquire respectively nothing more than a right to work the quarry on the tract. The court however charged the jury that the lease conferred upon the lessees the right to occupy all the land in such manner as they should see fit.

The jury found a verdict for the plaintiff, and the defendant moved for a new trial.

*Barnes* and *Chapman*, in support of the motion.

1. It is essential to enable the plaintiff to maintain an action of ejectment, that he should show the legal title to be in him. An equitable title will not avail him. *Phelps* v. *Sage*, 2 Day, 151. 1 Sw. Dig., 508, 509. *Smith* v. *Vincent*,

15 Conn., 1, 13. *Doton* v. *Russell*, 17 id., 146, 152. *Parsons* v. *Wells*, 17 Mass., 419. The mortgagor has no legal title, but only an equitable interest in the land. 2 Sw. Dig., 165. In this case the plaintiff is at most a tenant for years of an equitable interest in the *locus in quo*. He was not a tenant for years in contemplation of law and can not maintain ejectment.

2. The motion shows that the defendant was in possession at the time of the conveyance to the plaintiff, claiming under an unexpired parol lease from Brainerd of a dwelling-house placed on the premises by consent of the Arnolds and occupied by their consent. Upon this state of facts, the plaintiff can not maintain ejectment, because the defendant was in possession under his unexpired lease when the suit was commenced. The fact that the plaintiff had no knowledge of the lease can make no difference.

3. The evidence offered by the defendant and rejected by the court ought to have been admitted.

*Tyler* and *Culver*, contra.

1. The instruction of the court that the plaintiff could sustain his action notwithstanding the mortgage, was correct. *Fish* v. *Fish*, 1 Conn., 559. *Porter* v. *Seeley*, 13 id., 564. *Smith* v. *Vincent*, 15 id., 1. *City of Norwich* v. *Hubbard*, 22 id., 587. 1 Sw. Dig., 507, 508. 2 id., 165.

2. The averment that the plaintiff was tenant for years was sustained by the quitclaim deed to him from the Arnolds.

3. There being no ambiguity in the lease, the testimony offered for the purpose of giving it a construction different from that which its language imports, was properly rejected.

4. The real question being whether the plaintiff had a right to recover as against the defendant, if that question appears to have been correctly determined, there can be no ground for granting a new trial.

HINMAN, J. The first question is whether an outstanding mortgage to a stranger, can be set up by a defendant, to

defeat a recovery in an action of ejectment. This was the precise question which this court decided in the case of *Porter* v. *Seeley*, 13 Conn., 564, after great deliberation, and the court again, to this extent, expressly affirm that decision in the case of *Smith* v. *Vincent*, 15 Conn., 1. The authority of two recent decisions on the point ought to be sufficient, without further reference to authority, or any reasoning on the subject.

The plaintiff's title was under a quitclaim deed from Samuel Arnold and Isaac Arnold, and their title was by lease from the former proprietor, for the period of twenty years, which term being unexpired, the plaintiff was tenant for years, as he is alleged to be in the declaration. It is said, however, that he is only tenant for years of an equity of redemption, because he had mortgaged the property to the Arnolds. But if this mortgage can not be shown, as we have said it can not be, being to a stranger, then, as between these parties, it is the same as if it did not exist. There is therefore no variance between the title stated and the title proved.

For the purpose of aiding in giving a construction to the lease from Brainerd to the Arnolds, the defendant offered to prove the conversation between the parties to the lease in relation to the purpose for which it was given and received. He also offered to prove that the premises were principally wood and timber land with a quarry thereon, for the purpose of showing that the only object was to lease the right to quarry upon the land. The court rejected this evidence, and this is complained of by the defendant. If the terms of the lease were ambiguous in respect to whether the lessees took only a right to quarry stone upon the land, then perhaps, the fact that the land was such as not to admit of any other profitable use without committing waste, would be a circumstance proper to be considered in giving it a construction. But in this lease there is no ambiguity. No doubt the main object of the lessees was to quarry stone, because the rent is regulated by the amount and value of the stone quarried, and they were to have the use of a wharf for

the purpose of hewing stones upon it and shipping them therefrom. But they are not restricted to this use of the land. The land within the specified boundaries is demised and leased to them in the ordinary form, and the right to quarry stone is superadded to the ordinary use to which the lessees were entitled. We think therefore that the court below was correct in excluding this evidence, as it most obviously went to vary the plain and explicit language of the lease.

Before the plaintiff took his deed, the Messrs. Arnold had by parol permitted their lessor to place the small house which stands upon the demanded premises, and is now occupied by the defendant, upon the land, and the defendant is in the occupation of said house under a parol lease from said lessor of the Arnolds; but this fact was unknown to the plaintiff at the time he took his deed and at the time this suit was brought. The plaintiff finding by the record a clear lease to the Arnolds of the whole property, including the demanded premises, and having no knowledge that the defendant or any one else claimed any interest therein, obviously ought not to be bound by any parol licence from their lessors, even assuming that, as between the Arnolds and Brainerd, the parol licence was, under the circumstances, such that the Arnolds would have no right to interfere with the occupancy of the house which they had permitted to be placed upon the land. Had the Arnolds given a deed of the premises before they conveyed to the plaintiff, still, without any notice of such a deed, and in the absence of any record of it, the plaintiff would be protected, and surely a parol lease or licence can have no greater effect than a deed not recorded. We think therefore, that the court was correct in holding that this was no bar to the plaintiff's right of recovery. On the whole case therefore we do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.