Hinman J.
We have not been able to distinguish this case from those of Burr v. Spencer, 26 Conn., 159, and Porter v. Seeley, 13 id., 564. It was said that the right of the defendant to redeem the bank mortgage, gives him such an interest in the property as to preclude his being considered as a stranger to it, and that consequently he is authorized to take advantage of the mortgage to defeat the plaintiff’s title ; and is not estopped from loing so, because that mortgage was declared to be outstanding in the plaintiff’s deed, and was specially excepted from the covenant against incumbrances. The case of Porter v. Seeley, was not decided upon the ground that the defendant was such a stranger to the mortgage attempted to be set up that he would not have the right to redeem it. That fact was not alluded to as having any bearing upon the decision, and the idea of the existence of an estoppel was expressly repudiated. On the contrary, the case was put upon the ground that a prior outstanding mortgage in some third person was not inconsistent with a legal title in the plaintiff—in other words, that such a mortgage, though in form a legal title, is, in substance, only a pledge of the land as a security for the debt, and is to be regarded as a legal title in the mortgagee or his assignee only for the purpose of enforcing payment. When used for this purpose it is performing the office for which it was given; but when a third person, who has no interest in the debt, attempts to set it up for his own benefit, he is attempting to use it in fraud of the purpose for which it was given ; and such a use, if allowed, would enable a party in possession to keep possession of property to which he has no title, against the real owner, who has only pledged it as security for a debt. In the case of Burr v. Spencer we intended to recognize and follow the case of Porter v. Seeley. And when it is said that an outstanding mortgage in a stranger *338 can not be set up to defeat a plaintiff, or show that he has no title, what is meant is, that one who has himself no £ *414 J * rights, either as mortgagee or assignee, cannot setup a mortgage that may happen to be outstanding in favor of some third person. And whether he has such an interest in the land as will .enable him to redeem, and .thus acquire the rights of an assignee of the mortgage, can make no difference. Until he does redeem he is as much a stranger to the mortgage as if he had no interest in the land. There is no conflict between the cases of Porter v. Seeley and Burr v. Spencer, and those of Smith v. Vincent, (15 Conn., 1,) and Phelps v. Sage, (2 Day, 151.) In the last named cases the parties claimed directly under mortgages to themselves, and those cases, therefore, merely decide that, as between the mortgagor and mortgagee, the legal title is in the mortgagee, even in the case of satisfied mortgages, provided they were not paid until after the expiration of the law day. This doctrine in respect to satisfied mortgages may operate as a qualification of some of the reasoning of the court in Porter v. Seeley, but is clearly consistent with the decision itself. It follows from what has been said that the defendant, who has no rights under the mortgage to the bank, can not avail himself of that mortgage to defeat the plaintiff’s title.
We therefore advise the superior court that the plaintiff is entitled to judgment.
In this opinion the other judges concurred.
Judgment for plaintiff advised.