CLAUDIUS A. PEASE, Plaintiff in Error, *v.* PILOT KNOB IRON COMPANY, Defendant in Error.

1. *Mortgage with power of sale — Deed by mortgagees, when construed as an execution of a power — When not.* — Land having been conveyed by mortgage with power of sale, a simple conveyance of the property by the mortgagee, without any reference in his deed to the power or to the nature of his interest in the property, merely conveyed to the vendee the estate and power of sale, subject to the mortgagor's equity of redemption. But the deed conveyed title sufficient to enable the grantee to sue in ejectment.

In order to execute a power it is not absolutely essential that a deed should recite or even refer to the power, where it was manifestly the intention of the party to execute it. But where the maker has an estate which will pass without executing the power, and the instrument is silent on that point, as in the case supposed, the law will presume that he intended to convey such estate and no more.

2. *Mortgage — Conveyance by mortgagee after condition broken — Payment of amount secured, etc.* — When the money secured by a mortgage is paid off by the assets of the mortgagor before sale by the mortgagee, sale by the latter is unauthorized and will convey no title.

A mortgage, though a conveyance in fee upon conditions, is, even after the conditions are broken and the legal title passes, merely a security for the debt, which security is extinguished and the title reinvests whenever the debt is paid.

### *Error to Second District Court.*

*Emerson & Dillingham,* for plaintiff in error.

A power may be executed without reciting or even referring to it if the act shows that the donor had in view the subject of the power. (18 Kent's Com. 333 ; 2 Bro. C. C. 303 ; 2 H. Bl. 139 ; 6 Coke, 17 ; 8 Tenn. 118 ; Bradish v. Gibbs, 3 Johns. Ch. 551.)

The deed which Rolfe and Jamieson executed to Van Doren was a good execution of the power. The fee was in them. It was not a sale of Johnson's land. It was a sale of their own, and it was not necessary for them to refer to the deed to them. This is only necessary in the execution of a naked power, but not where the fee vested in the parties as it did here. Rolfe and Jamieson had no interest in the land except what was acquired by the deed from Johnson, hence they could sell no interest except the fee which they acquired from him. They were either executing the power,

or their deed or act was a nullity, selling and conveying as they did to Van Doren. Their act is either good as the execution of the power, or is utterly void. Hence, as they acted conformably to the power, as they only sold and conveyed what they were authorized to sell and in the manner they were empowered to sell, the law presumes it was the execution of the power, though no reference to the power was made in the deed they executed to Van Doren. The question is one of intention. That they intended to execute a power is clear, for their act could be effectual for no other purpose. They had no interest in the land in controversy aside from the deed from Johnson, which they could convey. (2 Washb. Real Prop. 320, § 14; *id.* 325, § 33; 1 Pars. Sel. Cas. Eq. 440–2.) And where the question is between holding a deed to be a nullity or giving it effect by construing it to have been made in the execution of a power, the courts will hold it to have been so executed and been valid. (Sto. Eq. Jur., §§ 169, 1062, and notes; 2 Washb. Real Prop. 335, §§ 1, 2, 3; 4 Kent's Com. 332, 343.)

Rolfe had no interest in any of the other land described in the deed, and he could alone convey under this deed from Johnson; "either of them," says the mortgage.

*P. Pipkin,* for defendant in error.

I. Where the trustee does not recite his authority, it will be construed to convey his interest, and not to be an execution of the power. (2 Washb. Real Prop. 325, § 33.) A collateral power must be strictly construed. (2 Hill. Real Prop. 558, § 2.) The general rule is that a power may be executed without reciting or even referring to it, provided it appears that the subject of the power was in the view of the party. (*Id.* 564, § 47.) Rolfe and Jamieson convey by warranty the land in controversy, together with another tract, to Van Doren. They sell all their right and title. No reference is made to the deed of trust from Johnson, nor to the debt secured by it. The deed of trust provides that a sale may be made at public auction on ten days' notice, or, at the option of the trustees, at private sale. If the sale be considered as relating to the powers, what power was executed? what sale

was made, public or private? The deed purports to convey their title, not Johnson's, and therefore the presumption is that only such title as they had, they conveyed. (2 Washb. 325, § 33.)

II. The mortgage debt being paid, the mortgage was discharged. There was no title in Rolfe and Jamieson upon which their deed could operate. (1 Washb. 56, 561.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings ejectment and claims title through a mortgage executed in 1835 by James C. Johnson to James H. Rolfe and Andrew Jamieson, and a subsequent conveyance by the mortgagees. The defenses are, first, that Rolfe and Jamieson's deed conveyed no title; and second, the statute of limitation.

Johnson was the tax collector for Washington county, and Rolfe and Jamieson were sureties upon his official bond. The mortgage was given to indemnify them as such sureties, and it gave the mortgagees power to sell upon default, either at auction or private sale.

In 1836 Rolfe and Jamieson executed to J. L. Van Doren a warranty deed of the forty acres in dispute, together with an adjoining forty acres belonging to Jamieson; but no allusion was made to the power, and there was nothing to indicate the nature of the interest they had in the premises. This and the subsequent conveyances constitute the same chain of title given in Pease v. Lawson, 33 Mo. 35, although the land there in controversy was the adjoining forty acres belonging to Jamieson, whose right to sell was undisputed.

It becomes necessary to consider first whether the conveyance by Rolfe and Jamieson was an execution of the power, and, if not, what was the legal effect.

In executing a power of sale, the conveyance, to be regular, should recite or refer to the power. This is the rule, and conveyancers should not disregard it. Still the omission of such recital or reference will not vitiate an attempted execution, provided it be plain that it was the intention of the party to execute the power. It is a question of intention as shown by the instrument. It is presumed that one who executes a conveyance designs to

perform a valid and effective act; hence the ordinary test, that if the instrument would be wholly inoperative, unless taken as an execution of the power, the maker will be considered as having intended to execute it, although no reference to the power is made; but "if there be any legal interest on which the deed can attach, it will not execute a power." (4 Kent, 334; 2 Washb. 325; White v. Hicks, 33 N. Y. 383.) If, then, in the case at bar, Rolfe and Jamieson had an estate in the land in controversy that would pass by their deed, it cannot be presumed that they intended to convey more than such estate.

Rolfe and Jamieson had an estate as mortgagees, coupled with a power, and the effect of their deed was to convey the estate and power to Van Doren, subject to Johnson's equity of redemption; for a mortgage with power of sale grants the estate, subject to extinguishment by performance of conditions, and the power, coupled with an interest and irrevocable, is ingrafted on the estate and with the estate vests in the assignee of the mortgagor. (4 Kent, 147; 2 Washb. 324.) Having, then, an estate — a substantial interest which could pass — the conveyance furnishes no evidence of any intention to execute the power and thus extinguish the equity of redemption.

The court, however, to which the cause was submitted, in its declaration, No. 5, held that "the deed executed by Rolfe and Jamieson to J. L. Van Doren, dated August 13, 1836, conveyed to said Van Doren no title to the land in controversy." This was error, for though the deed cannot be deemed an execution of the power so as to cut off redemption, it was, as we have seen, a conveyance of the legal title vested in the grantors by the mortgage and by conditions broken, if it were in fact broken, and was sufficient to enable the plaintiff to bring this action.

The defendant offered evidence to show that the mortgage had been satisfied, and in reference to such evidence the court made the following declaration, to which the plaintiff objected: "If the court found from the evidence that the amount of money secured by the deed of trust (mortgage) executed by Johnson to Rolfe and Jamieson, was paid off by the assets of said Johnson, before the sale to Van Doren, then Rolfe and Jamieson had no

power to sell, and Van Doren derived no title from the deed of Rolfe and Jamieson to him." This declaration conformed to the law as uniformly held in Missouri.

In some of the States the mortgage with condition broken is held to so pass the title that it cannot revert at law without a deed (2 Day, 151 ; 15 Conn. 13), and so in some of the other States. The old doctrine was that the title passed upon the delivery of the mortgage, and after default that the estate became absolute at law, and a reconveyance became necessary. But the great preponderance of modern authority establishes the rule that a mortgage, though a conveyance in fee upon condition, is, even after condition broken and the legal title passes, merely a security for the debt, which security is extinguished and the title reinvests whenever the debt is paid. Chancellor Kent, speaking of payment after default, and in commenting upon the old doctrine, says : "I am persuaded that most of the courts of law in this country would not now tolerate a claim of title under a mortgage admitted or shown to have been fully and fairly satisfied by payment of the debt." (4 Kent, 194, notes $b$ and $p$.)

This point may not have been directly made in this court, but in all the cases bearing upon the title of mortgagees, the modern doctrine, which would involve the same view, has been distinctly held. (Kennett v. Plummer, 28 Mo. 145 ; McNair v. Picotte, 33 Mo. 57; Ward v. Hildebrand, 46 Mo. 284.) In either view of the conveyance by Rolfe and Jamieson, whether it be considered as an execution of the power or as an assignment of the mortgage, this declaration of law was correct; for the condition controlled the grant, and the appointment being fulfilled, both the estate and power created by the instrument were extinguished.

For the error in instruction No. 5, the judgment must be reversed; for we are unadvised whether the finding of the court was based upon the idea that no title or interest could pass by the deed of Rolfe and Jamieson whether the mortgage was satisfied or not, or whether it was found that the mortgage had been in fact satisfied.

Other declarations bearing upon the effect of Johnson's deed are defective, and there are defects in some which apply the

statute of limitations, but it is unnecessary to consider them in detail.

The other judges concurring, the judgment will be reversed and the cause remanded.