E. PHILLIPS BLAKE, administrator, *vs.* MAINE CENTRAL
RAILROAD COMPANY.

Cumberland.    Opinion June 7, 1879.

*Master and servant.   Negligence.   Liability.   Demurrer.   Declaration.*
*Presumption.*

It is settled law that a master is not liable to a servant for an injury resulting
from the negligence of a fellow servant in the same general employment.

When there is one general object, in attaining which a servant is exposed to
risk, if he is injured by the negligence of another servant while engaged in
furthering the same object, he is not entitled to sue the master; and it does
not matter that they were not employed in the same kind of work.

Nor is this rule altered by the fact that the servant guilty of such negligence
is a servant of superior authority, whose lawful directions the other is bound
to obey.

The master is liable for negligence in the selection of his servants, but he
does not warrant their competency.   To recover for an injury caused by the
incompetency of a fellow servant, it must be shown that such incompe-
tency was known, or should have been known to the master, if he had
been in the exercise of ordinary diligence.

The negligence of the master in not selecting competent servants, being the
basis of his liability, must be distinctly set forth in the declaration.

Proper qualifications, once possessed, may be presumed to continue, and the
master may rely on that presumption until notice of a change.

On general demurrer to the declaration, errors, which might be fatal in a
special demurrer, will be disregarded.

ON DEMURRER.

Writ dated October 5, 1876, and contained two counts, to each
of which a separate general demurrer was filed and joined; but
from the view taken by the court the first count only is stated;
the material parts of which are as follows :

"And the defendants then and there employed the said deceased
Silas H. Potter, in the capacity of a section man, to take charge
of their said railroad track between said Waterville and West
Waterville, and to keep the same in repair and suitable for the
running of trains thereon, and the defendants provided said Pot-
ter with a hand-car to go over said portion of the track, which the
defendants required the said Potter to go over at proper times and
in a proper manner, and it was the duty of the defendants, in
running trains over said railroad, to have due regard for the pres-

ervation of the life and limb of said Potter while he was in the discharge of his said duties; and while the said Potter, at said Waterville, on the eleventh day of December, A. D. 1875, and in the discharge of his duties as said section man in the employ of the defendants, was riding on a hand-car propelled by himself and others over said section of defendants' track, for the purpose of caring for the same, the defendants, although well knowing their duty and obligations, did, on said last named day, at said Waterville, negligently, carelessly, recklessly, willfully and wantonly, and in total disregard of law and of the safety of said Potter and others, lawfully upon said hand-car, by their engineer, Charles W. Low, and conductor Harding M. Dunlap, agents and servants of the defendants, employed by defendants in their business and entrusted by defendants with the care and control of one of their locomotive engines, then and there propelled by steam, and then and there attached to and drawing a paymaster's car from said Waterville through said West Waterville upon and over said section of said railway of defendants at said Waterville, then and there, without any notice or warning to said Potter, and without the actual knowledge of said Potter, and without any fault on the part of said Potter, dispatch and send with great velocity and violence over said railway track (upon that portion thereof which defendants had assigned to the care of said Potter, and upon which the said Potter was then and there lawfully moving upon his hand-car, and in the same direction which said hand-car was going, said locomotive engine, and car attached thereto, against and upon the hand-car upon which said Potter was lawfully riding as aforesaid), at about the hour of seven o'clock and fifteen minutes in the forenoon, then and there instantly crushing a hole in the skull of said Potter, and then and there inflicting upon him mortal and fatal wounds and injuries, whereof the said Potter thereafterwards, to wit: at said Waterville, at about the hour of nine o'clock in the forenoon of the last named day, died; and the plaintiff avers that said Potter was then and there in the exercise of due care and diligence, and that said injury, suffering and loss of life were the direct result of the negligence, carelessness and recklessness of the defendants, and of their gross carelessness and

negligence in appointing unsuitable employees to manage the running of said locomotive engine and car—and without the fault of the said Potter, or any other person on said hand-car at the said time with him."

It was agreed by the parties that the case should be submitted to the law court to determine the sufficiency of the declaration, reserving to each the right of amendment given by statute in cases in which demurrers are filed at the return term.

*E. F. Pillsbury & J. H. Potter, E. F. Webb,* for the plaintiff, contended that this case was not within the rule that one servant of a corporation cannot recover for an injury caused by the negligence of a fellow servant. The employees here were not in the same service, nor of the same grade. The conduct of defendants, as set out in the writ and admitted by the pleadings, is *prima facie* evidence of his negligence, and the declaration charges enough to hold him. *Gilman* v. *Eastern R. R. Co.,* 13 Allen, 433. *Phil. & Read. R. R. Co.,* v. *Derby,* 14 How. 483. *Fifield* v. *N. R. R. Co.,* 42 N. H. 225. *Railroad* v. *Lockwood,* 17 Wall. 357, 384. *Steamboat* v. *King,* 16 How. 469. *Hilton* v. *Middlesex,* 107 Mass. 108. *Doss* v. *Wisconsin, K. & T. R. R. Co.,* 59 Mo. 27.

*J. H. Drummond & J. O. Winship,* for the defendant corporation, contended, *inter alia,* that plaintiff's claim that this case is not within the general rule governing liability of servant for negligence of fellow servant, is groundless; the different kind of service is of no consequence, and so settled in *Lawler* v. *Androscoggin R. R. Co.,* 62 Maine, 466.

As to liability of defendants and in support of the demurrer, the following authorities were cited: *Gilman* v. *Eastern R. R. Co.,* 13 Allen, 433, 10 Allen, 233. *C. & O. Canal Co.* v. *Portland,* 56 Maine, 77. Wood Master and Serv't, § 416, and cases there cited. *Id.,* §§ 417–420. *Caldwell* v. *Brown,* 53 Penn. St. 453. *Weger* v. *Railroad, Id.* 460. *Davis* v. *D. & M. R. R. Co.,* 20 Mich. 105, (4 Am. 361). *Harper* v. *Ind. R. R. Co.,* 47 Mo. 357. *Moss* v. *Pacif. R. R. Co.,* 49 *Id.* 167, (8 Am. 126). *Carle* v. *B. & P. R. R. Co.,* 43 Maine, 260. *Beaulieu* v. *Port-*

*land Co.,* 48 Maine, 291. *Dow* v.*Kansas R. R. Co.,* 5 Am. 401. *Union Pacif.* v. *Mulliken,* 5 Am. 406. *Same* v. *Young,* 5 *Id.* 419. *Chapman* v. *Erie,* 7 Am. 357. 55 N. Y. 579. *Connor* v. *Railroad,* 8 *Id.* 357. *Proctor* v. *Railroad,* 9 Mo. 440. *Hardy* v. *Carolina R. R. Co.,* 14 *Id.* 309.

Appleton, C. J. It has been settled by an almost unbroken series of decisions that a master is not liable to a servant for an injury resulting from the negligence of a fellow servant in the same general employment. The servant undertakes between himself and his master to run all the ordinary risks of the service, including that of the negligence of his fellow servants. *Beaulieu* v. *Portland Co.,* 48 Maine, 295. *Lawler* v. *Androscoggin R. R. Co.,* 62 Maine, 467. *Warner* v. *Erie Railway Co.,* 39 N. Y. 469. *Zeigler* v. *Day,* 123 Mass. 152.

When there is one general object, in attaining which a servant is exposed to risk, if he is injured by the negligence of another servant whilst engaged in furthering the same object, he is not entitled to sue the master ; and it does not matter that they were not engaged in the same kind of work. *Charles* v. *Taylor,* 3 (L. R.) C. P. Div. 492. *Lovill* v. *Hawk,* 1 (L. R.) C. P. Div. 161. *Tunney* v. *Midland Railway Co.,* 1 (L. R.) C. P. Div. 296. *Seaver* v. *Boston & Maine R. R. Co.* 14 Gray, 467.

Nor is the rule that a master is not liable to a servant for the negligence of a fellow servant in their common employment altered by the fact that the servant guilty of such negligence is a servant of superior authority, whose lawful directions the other is bound to obey. *Fultham* v. *England,* 2 (L. R.) Q. B. 33. " A fellow servant I take to be any one who serves and is controlled by the same master," observes Dalrimple, J., in *McAndrew* v. *Burn,* 39 N. J. 115.

The master is liable for negligence in the selection of his servants, but he does not warrant their competency. To recover for an injury caused by the incompetency of a fellow servant, it must be shown that such incompetency was known, or should have been known to the master if he had been in the exercise of ordinary diligence. *Lawler* v. *Androscoggin R. R. Co.,* 62

Maine, 467. 'The master is not liable if he use ordinary care and prudence in the selection of competent workmen and materials. *Cotton* v. *Edwards*, 123 Mass. 484. *Cummings* v. *Grand Trunk Railway Co.*, 4 Cliff. (C. C. U. S.)

The negligence of the master in not selecting competent servants is the basis of his liability, and it must be distinctly set forth in the declaration. The master is under obligation to use due care and diligence in the selection and employment of his agents and servants, and for want of such care is responsible to all other servants for any damages that may thence arise. *Harper* v. *Ind. & St. Louis R. R. Co.*, 47 Mo. 56. *Moss* v. *Pacif. R. R. Co.*, 49 Mo. 127. The responsibility is not merely for the negligence of his servants, but for his own. While the duty of a master to his servant requires the exercise of great care in the employment of fellow servants, and the institution of due inquiry to ascertain their character and qualifications, when suitable and competent persons have been employed, the same degree of diligence is not required. Good character and proper qualifications once possessed may be presumed to continue, and the master may rely on that presumption until notice of a change. *Chapman* v. *Erie Company*, 55 N. Y. 579.

The declaration in the writ sets forth that the plaintiff's intestate was in the employ of the defendant corporation; that while so in their employ, and in the exercise of due care and diligence, he was severely injured, underwent great suffering and ultimately lost his life by reason of the careless and reckless acts of certain servants of the defendants employed in and about their business, and intrusted by them " with the care and conduct of one of their locomotive engines then and there propelled by steam," to which a car was attached, etc., " and that said injury, suffering and loss of life were the direct result of the negligence, carelessness and recklessness of the defendants, and of their gross carelessness and negligence in appointing unsuitable employees to manage the running of said locomotive engine and car," etc.

The demurrer to the declaration is general. Errors, which might be deemed fatal on a special demurrer, will be disregarded when the demurrer is general. The allegation that the injury,

suffering and loss of life of the plaintiff's intestate was the direct result of the negligence, carelessness and recklessness of the defendants, and their carelessness and negligence in appointing unsuitable employees by whom the engine was negligently managed, would seem to be a sufficient averment that the negligence of the defendants in not selecting competent servants was the cause of all the grievances for which remuneration is sought in this suit. As the demurrer admits all the facts set forth in the declaration, we think a good cause of action is disclosed in the first count. It becomes unnecessary, therefore, to particularly discuss the second count in the plaintiff's writ.

*First count in the writ adjudged good.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.