JAMES CARROLL *vs.* WESTERN UNION TELEGRAPH COMPANY.

Worcester.   October 4, 5, 1893. — November 28, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Action.*

If, while a telegraph pole is being raised by a gang of workmen, the tool, which is a proper one, used in supporting the pole while it is partly up breaks, and the foreman directs the man holding it to use instead another tool, which is an improper one for the purpose, and the pole falls upon one of the workmen and injures him, he cannot maintain an action for his injury against his employer on the ground of a breach of duty, in the absence of evidence that the latter had not furnished a sufficiency of proper tools within convenient reach.

HOLMES, J.   This is an action for personal injuries caused by the fall of a telegraph pole upon the plaintiff. The plaintiff and other workmen were engaged in raising the pole. For the purpose of supporting it while partly up they used a tool called a deadman, which was a kind of crutch or pole with a half-moon at the end, presenting its concave edge to the telegraph pole. This broke, whereupon the foreman who was directing the job told the man who held it to throw it away and take a shovel.

The shovels on hand were long-handled shovels with pointed ends.  One of-these was taken, and of course presented a convex instead of a concave edge to the telegraph pole, which forthwith slipped and fell upon the plaintiff.

We assume that the plaintiff was a servant *pro hac vice* of the defendant, but we do not see how the injury can be said to be the result of a failure of the defendant to do the duty of an employer.  The immediate cause of the pole's slipping was the use of a shovel by a fellow servant.  We assume that the shovel was not a proper tool for the purpose, but it was not furnished for the purpose by the defendant.  The plaintiff, as we understand, contends that his party was reduced to using it by the breaking of the deadman and the absence of other tools, coupled with the fact that the pole was to be raised at that time, and thus that the defendant was responsible for the situation.  The short answer is that there is no evidence that the defendant did not furnish a sufficiency of proper tools at the depot from which those which were used were taken, or within convenient reach, and that, when proper appliances of this sort are furnished by the employer within convenient reach in a case like the present, he has done his whole duty, and is not bound to see that every gang of workmen take as many tools as the event may show to have been desirable.  *Zeigler* v. *Day,* 123 Mass. 152, 153. *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209.

*Exceptions overruled.*

*C. Haggerty & J. R. Kane,* (*A. J. Bartholomew* with them,) for the plaintiff.

*A. Lord,* (*W. A. Gile* with him,) for the defendant.