Hillsborough,
Dec. 7, 1948. } No. 3771.

ELVIN GARDNER *v.* BALCOM NASHUA ICE COMPANY.

*Leonard G. Velishka* and *Alvin A. Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Warren, Wilson, Wiggin* and *Sundeen* (*Mr. Wiggin* orally), for the defendant.

BLANDIN J. The jury were warranted in finding that the defendant failed in its non-delegable duty to furnish an adequate force to do the work which the plaintiff performed when he went on the job about 3:00 A. M. on the morning in question. The foreman and the plaintiff both testified that help was then lacking in numbers and experience. Therefore, the defendant's claim that the negligence, if any, was that of the foreman in not assigning a sufficient crew to the grooving machine cannot be sustained. *Hilton* v. *Railroad*, 73 N. H. 116; Labatt, Master & Servant, Vol. 3, (2d *ed.*), s. 1108, *pp.* 2915, 2916; 56 C. J. S., Master and Servant, s. 307.

The plaintiff testified that he stayed on the job relying on the defendant's promise to send assistance, and was injured because the latter failed to perform. The defendant asserts the plaintiff cannot recover, first, because adequate help was furnished in the person of the boy, second, the accident was due to a fellow servant's temporarily leaving his post, and finally that the injury was caused by the plaintiff's contributory negligence in running the machine into the snow bank and then trying to turn it around knowing he lacked sufficient help. A careful examination of the record discloses scant merit in these contentions. The jury were obviously justified in finding that sending a "thin slip" of an unknown boy, who might well have said "I came like Water, and like Wind I go," was no adequate compliance with the master's non-delegable duty to furnish the plaintiff with sufficient, competent fellow workers. They were equally warranted in finding that the accident was due to the master's failure to keep a promise, upon which the plaintiff reasonably relied, to remedy the situation. The finding under these circumstances that the plain-

tiff was free of assumption of risk was proper. *Coughlin* v. *Company*, 94 N. H. 57; *Nason* v. *Company*, 92 N. H. 251; *Sevigny* v. *Company*, 81 N. H. 311.

Nor can the claim that the plaintiff was guilty of contributory negligence as a matter of law be sustained. He had been promised extra help by the foreman in charge who hired him and other men for the job. He had been urged to "keep plugging" as time was important and he had been ordered to cut close to the snow bank to conserve ice as much of the harvest had already been lost by two trucks breaking through the ice and causing cracks. The record discloses that he was a normal healthy man and the jury were not compelled to find him guilty of contributory negligence in driving the machine into the edge of the snow in obeying orders to save ice, nor in endeavoring to turn the machine to prevent a stoppage of the work. *Nason* v. *Company*, *supra*, 254, and authorities cited. Whether the defendant could reasonably be expected to foresee just how the accident might happen is immaterial. *Nason* v. *Company*, *supra*, 253, and cases cited.

It thus appears findable that the plaintiff reasonably relied upon the defendant's promise to remedy a defect and was injured because of the latter's failure to perform. He was not conclusively guilty of contributory negligence or assumption of risk and the jury having decided in his favor on both issues he is entitled to recover. *Coughlin* v. *Company*, *supra*; *Nason* v. *Company*, *supra*; *Sevigny* v. *Company*, *supra*.

The remaining exceptions to the admission and exclusion of evidence and to the Court's failure to grant certain requests have not been briefed nor argued and are therefore deemed waived. However, all have been carefully examined and seem to furnish no grounds for reversal.

*Judgment on the verdict.*

All concurred.