IGNATIUS HAZEL, Plaintiff in Error, *v.* R. N. HAGAN, Defendant in Error.

1. *Wills — Devise.* — The devise of an estate, with the power of disposal, will pass the fee.
2. *Wills — Widow executrix, sale by after expiration of office — Personal trust.* — A testator willed to his wife all his property during her life. He also willed that the land might be sold at any time for her comfort and benefit. The will, moreover, designated the widow as one of the executors. *Held,* that the power of sale was a mere personal trust, not to be executed by the widow in virtue of her office as executrix, but at any time that she might deem it advisable to carry out the design of the testator.
3. *Will, conveyance under, sufficiently executes power, when.* — A conveyance made pursuant to a will, containing a direct reference to the power embraced in the will, and in a manner so direct as to leave no room for doubt as to the intention of the grantor, sufficiently executes the power contained therein.

*Error to First District Court.*

*Burke & Howard,* with *Draffen & Muir,* for plaintiff in error.

I. The will does not vest in said executrix the fee-simple title, but only a life interest in said lands. Neither is there any special power in the will authorizing her to convey said land. (4 Kent, 360 *et seq.;* 3 Hill, 361; Franklin v. Osgood, 14 Johns. 560; 11 Johns. 169; 17 Mo. 98.)

II. Even if the will authorized the executrix to make a conveyance of said land, the deed made by Susan Hughes to Theresa Vineyard is void to pass the fee-simple title to the real estate specified in said deed, for the reason that there is no sufficient reference in said deed to any power contained in the will. (43 Mo. 565; 18 Md. 227; 30 Cow. 297.)

III. Susan Hughes, in 1858, made her final settlement as executrix of the estate of John W. Hughes, deceased. The deed under which the defendant claims was made by her in March, 1863, in the capacity of executrix. This she could not do after her functions as such executrix had ceased. (Caldwell v. Lockridge, 9 Mo. 362; State v. Stephenson, 12 Mo. 178.)

*W. Adams,* for plaintiff in error.

I. "The sale and conveyance of real estate under a will shall be made by the acting executor or administrator with the will annexed, if no other person be appointed by the will for that purpose, or if such person fail to perform the trust." (Wagn. Stat. 93.) The above enactment enters into and forms a part of all wills in which there is a power to sell real estate situated in the State of Missouri. In this case there was no power vested in Mrs. Hughes to sell the fee-simple title to the land in dispute under the will of her husband. She had a life estate in the land, but no power as tenant for life was vested in her by the will to sell the real estate. The will did not vest her with any personal trust or power to sell the land. She could only sell as acting executrix — that is, after qualifying as executrix, and before she ceased to be acting executrix. But she ceased to be acting

executrix when she made her final settlement, in September, 1858. The effect of a final settlement is to discharge the executor or administrator, and of course their powers as such cease from that time in regard to all new or outside matters. (Caldwell v. Lockridge, 9 Mo. 358; The State v. Stephenson, 12 Mo. 178.)

II. The order of the County or Probate Court for the sale of the lands in dispute was a mere nullity, that court having no authority whatever to order the sale of lands except for the payment of debts.

*Phillips & Vest*, for defendant in error.

I. The power to sell the real estate was a personal trust, given by the testator to his friend Charles Hickox and to his wife, to be exercised by them not *virtute officii*, as his executors, but at any time during the wife's lifetime when she might consider a sale necessary. We hold that the intention of the testator to give the widow power to sell at any time without regard to the administration is manifest, and, if so, his intention will govern. (Jackson *ex dem*. Hicks v. Vanzant, 12 Johns. 169; State, etc., v. Boon *et al.*, 44 Mo. 226; Allison v. Kurtz, 2 Watts, 185.)

II. The power being coupled with an interest, survived to the wife after the death of her co-executor, and she could execute it alone. (State, etc., v. Boon *et al.*, *supra*; Norcum v. D'Oench & Ringling, 17 Mo. 99; Hill on Trust. 705, and notes; Watson v. Pearson, 2 Exch. 580; Osgood *et al.* v. Franklin *et al.*, 2 Johns. Ch. 20; Zebach v. Smith, 3 Binney, 69; Putnam Free School v. Fisher, 30 Me. 527; 4 Kent's Com. 325; 16 Pick. 111.)

III. The deed from Susan Hughes to the defendant was made in execution of the power given her by the will. The words used in the deed, " executrix of John W. Hughes, deceased," are of themselves sufficient to show this; but the fact that the deed conveys an estate in fee, which she could only convey in execution of the power, is conclusive. (17 Mo. 99; 4 Kent's Com. 334; Reilly v. Chouquette, 18 Mo. 229; 1 Sugd. Powers, 243–4; Schwartz v. Page, 13 Mo. 611; Chouquette v. Barada, 33 Mo. 259.)

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding in ejectment to obtain possession of certain real estate situated in Moniteau county. The right of the parties spring out of and are to be determined by construing the will of John W. Hughes, deceased. Hughes, previous to his death, made his last will and testament, and among other provisions the will contains the following clause: "4th. I will that my beloved wife raise my three youngest children, John C., Alexander J. and Susan Frances Hughes, and that they have a good common English education, and that they be subject to her control so long as she remains my widow or capable of managing them. Further, for the confidence I have and the obligation I leave resting on my beloved wife, I will and bequeath to her all my estate, both real and personal, except such as is disposed of in the foregoing part of this instrument, during her lifetime. I will that my executors proceed according to law to sell my personal property, or so much thereof as my beloved wife may think best for her convenience. I will that any of my real estate may be sold at any time for the comfort and benefit of my beloved wife and my three children left with her, at private or public sale, as my executors may deem most expedient." The will designated the widow and Charles Hickox as executrix and executor. Hickox died before the testator, and the widow alone qualified and took upon herself the execution of the trust. After administering upon the estate and making final settlement, she sold some of the land belonging to the testator at private sale, and the defendant claims under her grantee. The plaintiff derives title by a conveyance from some of the heirs of the testator. Mrs. Hughes, the widow, is dead.

The whole question arises upon the power contained in the will and the estate thereby conveyed. For the plaintiff it is contended that the will simply conveyed to the widow a life estate, with a power of selling the land on a certain contingency; but that, as she did not avail herself of that power and execute it while she was acting as executrix, her deed was insufficient to convey the fee; whilst the converse of this proposition is maintained by the defendant.

The testator declares in his will that any of his real estate may be sold at any time for the comfort and benefit of his wife and the three children left with her, at either private or public sale, as the executors may deem most expedient. Was Mrs. Hughes incapable of making the sale and conveying the fee because she had ceased to be the executrix? I think not. If the authority to sell be given as a trust to the same person named as executor, his resigning his trust as executor does not impair his power to sell. (Tainter v. Clark, 13 Metc. 220, 227.) And if the power be accompanied by a personal confidence and trust in the donee or donees, he or they alone can execute it, nor can it pass to others; it must be executed by the persons named, unless an authority to substitute another be expressly given. (Cole v. Wade, 16 Ves. 27; Tainter v. Clark, *supra*.)

Where an estate is devised to one, with a power of disposing of it absolutely, there being no express estate for life limited to the devisee, he takes an estate in fee upon trust. The power of disposition gives the fee to the devisee, and a conveyance by him would pass it. The heirs, in such a case, can only control the conduct of the devisee through the agency of a court of equity. The authorities are explicit that the devise of an estate, with a power of disposal, will pass a fee. Here there is not only a power of disposal for the benefit of others, but it was to be executed for the benefit of Mrs. Hughes herself. (Norcum v. D'Oench, 17 Mo. 98; Rubey v. Barnett, 12 Mo. 3; Sugd. Powers, 119.) The will coupled a personal trust with a direct interest, accompanied with a power of disposition; and I have no doubt about the ability of the donee to impart a valid title and convey the fee. A discretion is given, and the property is to be sold at any time for the comfort and benefit of the beneficiaries, and at either private or public sale. The power of sale was a mere personal trust, not to be executed by Mrs. Hughes in virtue of her office as executrix, but at any time that she might deem it advisable to carry out the design and intent of the testator.

But it is further objected that the deed of conveyance made by Mrs. Hughes does not execute the power given in the will, and therefore the title did not pass. In Blagge v. Miles, 1 Sto. 426,

Mr. Justice Story discusses at length the question as to what will amount to a sufficient execution of a power. He gives three classes as to what will be held as sufficient demonstration of an intended execution of a power: "First, where there has been some reference in the will or other instrument to the power; second, or a reference to the property which is the subject on which it is to be executed; third, or where the provisions in the will or other instrument executed by the donee of the power would otherwise be ineffectual, or a mere nullity — in other words, would have no operation except as an execution of the power." He further remarks that these are not all the cases, and that it was always open to inquire into the intention under all circumstances; while he agrees that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. This subject was also examined by this court in the Collier will case, 40 Mo. 287, where we held that a direct reference to the power, and in a manner so explicit as to leave no room for doubt as to the intention, was all that was required. (4 Kent's Com. 335.)

We entertain no doubt about the conveyance made by Mrs. Hughes being a sufficient execution of the power contained in the will. The intention is apparent and unmistakable. She mentions the will and expressly refers to the provision empowering and authorizing her to sell the land, either at private or public sale, for her own comfort and benefit. No clearer indication of intention is needed.

The courts below decided in favor of the defendant rightfully, in my opinion, and I think the judgment should be affirmed. The other judges concur.