RUSH C. OWEN, Appellant, *vs.* SAMUEL SWITZER, Respondent.

1. *Will—Life estate of widows—Sale of land by—Power—Execution of.*—By the terms of the will, a widow was vested with a life estate in all the property of the testator, and with a power to alienate any of it in payment of the debts of the estate, and to defray necessary expenses of the family. The widow also owned a small undivided interest in the land, in fee simple. The will also named her as executrix. *Held,*

1st. In the execution of the power she need not describe herself as executrix Her power to sell would arise from the general trust reposed in her and not simply from her position as executrix.

2nd. Conveyance of land by her which contained no reference to the will or the power of alienation conferred by it, or to any thing from which the power might be inferred—would operate to pass only her life estate and her individual undivided interest in the land, and would not execute the power by transferring the fee simple title to the whole land sold, nor would such be the case even if the deed contained covenants of seizin and warranty.

### *Appeal from Greene Circuit Court.*

Plaintiff asked declarations of law to the effect " That said Louisa T. Campbell under the said will took but a life estate in said lands; that her deed to Holland conveyed only a life estate, and such other as she had inherited from her children, who had died since her husband's death and before the delivery of said deed; that plaintiff was entitled to recover the lands sued for, except such portions of the same as Louisa T. Campbell had inherited from her children." * * * *
Which instructions the court refused to give, and plaintiff excepted. The court then declared the law as follows: "That the deed from Louisa T. Campbell to Colby B. Holland, read in evidence by defendant, passes the fee of the estate in controversy to Colby B. Holland.

*McAffee, Phelps & Mitchel,* for Appellant.

When Louisa T. Campbell made this deed to Holland, she had a life estate in the land, and was an owner of an undivided interest in fee simple, as a tenant in common with her children. She executed a simple deed without reference to the *will or any power in her vested,* or reference to her fiduciary capacity. What is the legal effect of this deed? Was it an execution of the

power which respondent claims is contained in the will, authorizing her to dispose of the fee?

The uniform test is, that if the deed would be wholly inoperative unless taken in execution of the power, the maker will be considered as having intended to execute it, although no reference to the power is made. *But if there be any legal interest on which the deed can attach, it will not execute the power.* ( 2 Washburn Real Property, 2 Ed., page 324; last clause of section.) 1 Sudg. Pow., (Ed. of 1856), top p. 454-5-6-7, 477; 2 Sto. Eq., § 1062; (6th Ed.) 4 Kent's Com., 334–335; Doe vs. Roake, 5 B. & C., 720, 731-2, and last clause of opinion on page 734. (This opinion was affirmed in the House of Lords.) Hazel vs. Hagan, 47 Mo., 280–281; Blagge vs. Miles, 426, 1 Story, 446–447. This case Mr. Kent says, is a leading case in America on Execution of Powers, as is the case of Doe vs. Roak a leading case in England. Mory, Administrator of Michael vs. Michael, 18 Maryland, 227; see Lee vs. Vincent, Cro. Eliz., 26; Bradish vs. Gibbs, 3 Johnson's Ch., 551. In Hay vs. Mayer, 8 Watts, (Pa.) 203; Collier will case, 40 Mo., 287, 328, 329, 330; Pease *vs.* Pilot Knob Iron Co., 40 Mo., 124.

The deed of Mrs. Campbell to Holland in the case at bar, is operative without being taken in execution of the power; it passed the life estate devised to her by the will, and also the interest she had inherited from her daughter, Mary Sprowl, who died without issue before delivery or execution of the deed to Holland. And the fact of the deed of Mrs. Campbell being a warranty deed, cannot change the rule and test contended for by appellant. The deed in Pease vs. Pilot Knob Iron Company, 49 Mo., 124, was a general warranty deed; see also, Hay vs. Mayer, 8 Watts, 203.

And while the authorities generally agree that "it is a question of *intention* as to whether a power is executed or not, still, they also agree that the intention to execute must be apparent and clear, so that the transaction is not susceptible of any other interpretation. If it be doubtful under the circumstances, then that *doubt* will prevent it from being deemed an

execution of the power. (Blagge vs. Miles, 1 Sto., 446, and authorities before cited.)

In this case the intention can only be gathered from an inspection of the deed itself, and it will hardly be contended that any evidence can be found upon the face of the deed of an intention to execute a power.

*Hardin & Ellis*, for Respondents.

The following provision in the will, raises a power in the Executrix, Mrs. Campbell, to sell the lands belonging to the estate in order to pay its debts.

"I do hereby appoint my dearly beloved wife Louisa T. Campbell, my whole and sole executrix, to this my last will and testament, to manage and control as she may think proper, *my just debts first to be paid.*" (2 Sto. Eq., § 1246; 2 Jarm. Wills, 512, *et seq;* Foster vs. Craige, 2 Dev. & Bat., 209; 1 Sto. Eq., 428, *et seq.*)

The will contains the following language:

"I do hereby will and bequeath to my wife, Louisa T. Campbell, all my property, real and personal, monies and effects of whatsoever nature they may be, owned by me or belonging to me, during her natural life, to use, manage, and dispose of as she may see proper, *though the property is never to go out of the family in any other way than to pay debts, or for the ordinary expenses of the family.*" This clause vested in the wife absolutely a fee simple title to the lands, or it conferred on her power to raise money to pay debts, and support the family. It amounts to a charge on all the property, and raises a trust in her which constitutes a power coupled with an interest. (12 Curtis, 240–3; 14 Curtis, 539; 1 Gray, 567; 17 Mo., 117.)

Under this clause she had a life estate, coupled with a power *to convey a fee simple for* the payment of debts and support of the family. (Norcum vs. D'Oench, 17 Mo., 99.)

The use of the words, "dispose of" in conferring a power, authorizes the donee of the power to execute a deed in fee simple. (Ruby vs. Bartlett, 12 Mo., 1; Norcum vs. D'Oench, *ubi supra.*)

A deed purporting to convey a fee, executed by one having a life estate with power to dispose of the fee, will be held to be made by virtue of the power, although the power is not referred to in the deed. (Blagge vs. Miles, I Sto., 427.)

In the opinion in that case, Judge Story says the question is one purely of intention. "If the donor of the power intends to execute, and the mode be in other respects unexceptionable, that intention, *however manifested*, whether directly or indirectly, positively or by just implication, will make the execution valid and operative. This language and rule were adopted by this court in the Collier Will case. (40 Mo., 330, and 47 Mo., 280.)

"This is a question of intention whether the party meant to execute the power or not; formerly it was sometimes required that there should be an express reference to the power; but that is not necessary now. The intention may be collected from other circumstances, as that the instrument includes something the party had not otherwise than under the power; that a part would be inoperative, unless applied to the power,"

When a deed cannot operate but as the execution of a power, it will be so held. (Reilly vs. Chouquette, 18 Mo., 229.)

The true and only reasonable doctrine is the one laid down by Sugden, in his "Comments on Sir Edward Clevis' case." "An intent, apparent on the face of the instrument, to dispose of *all* the estate would be deemed a sufficient reference to the power to make the instrument operate as an execution of it, inasmuch as the words of the instrument could not otherwise be satisfied.'² (1 Sugden Powers 460–461, and 468;)

The deed from Mrs. Campbell to Holland, purports to convey not a life interest, but a title in fee; the words cannot be satisfied otherwise than by referring the deed to the power.

This being a question of intention, as manifested by the deed, we must presume that the grantor intended to do that which she actually did, viz., *convey* the fee ; such being the intention, it can only be satisfied by a reference to the power.

It is contended that unless a deed would be *wholly* inoperative, it will not be considered an execution of the power.

But the difference between a deed wholly inoperative, and one partially inoperative, is a difference only in degree, and not in principle.

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the appellant against the respondent to recover a tract of land in Springfield, Greene County, Missouri. The answer of defendant admitted the possession of the land named, but denied the other allegations of the petition. Both parties claimed title to the lands in controversy through John. T. Campbell, (now dead,) the appellant as an heir, and through the heirs and devisees under the will of said Campbell. The respondent claims through a deed purporting to convey the land in controversy to Colby B. Holland, executed by Louisa T. Campbell, the widow of the said John T. Campbell and the executrix of his will, and by deed from said Holland to respondent.

It was admitted by the parties, that John T. Campbell died in 8152, leaving eight children and one grand-child as his only heirs. That Louisa T. Campbell, the widow, died the 28th of May, 1866; that three of the children died without issue before the death of their mother, and that the widow never again married.

It was further admitted that three of the children conveyed their interest in said land to appellant since the death of their mother, and that Mary Sprowl, one of the children died without issue before the execution of the deed to Holland by said widow through whom Respondent claims title to the land sued for. There is no question about the facts in this case. The rights of the Respondent depend upon the construction of the last will of John T. Campbell, and the deed from the said widow to said Holland. It is contended by the Respondent, that by the last will of said Campbell, a power was conferred on the said Louisa T. Campbell, his widow, to convey the land in controversy in fee simple to such person as she might choose, and that the deed executed by her to Holland, was a good execution of that power, and had the effect to convey the title to said lands in fee simple to him.

If these propositions are true, the court below properly rendered judgment in favor of the Respondent.   If they are not true, judgment should have been rendered in favor of the appellant, and the judgment rendered, should be reversed.

The will of Campbell was as follows :

"1st. I do hereby will and bequeath to my dearly beloved "wife, Louisa T. Campbell, all my property, real and personal, "moneys and effects. of whatsoever nature they may be, owned "by me or belonging to me, during her natural life to use, "manage and dispose of as she may see proper, though the "property never to go out of the family in any other way than "to pay debts or for the ordinary expenses of the family.  And "further, should she in her wisdom, think proper to marry after "my death, then and in that case, all my property to be equally "divided among my children, including our grand-child, "Louisa Ann McKinney, daughter of our dearly beloved "Tabitha C. McKinney, dec'd, after reserving to herself dur- "ing her life-time, the homestead on which we now live, and "all the lands adjoining it, and a child's part of all my other "property both personal and real, in addition to the household "and kitchen furniture, and at her death to revert to, and be "equally divided among my children, including Louisa Ann "McKinney.  And I further make it entirely optionary with her "as to the amount of property she may in her wisdom give "to any of our children as they may marry, and become of age; "but not to give to *none* of them, any amount exceeding a "child's part or an equal *pro rata* as near as may be of the "amount of property then on hand, after deducting therefrom a "fair proportion for raising and educating the minor children.

"2nd. I further wish and will that my dearly beloved wife "Louisa T. Campbell have full power and authority to entail "to any of our children and their heirs, any amount of prop- "erty she may see proper to bestow on them by deed, gift, "trust or otherwise, including Louisa Ann McKinney.

"3rd. I do hereby appoint my dearly beloved wife Louisa "T. Campbell, my whole and sole executrix to this, my last "will and testament, to manage and control as she may think "proper, my just debts first to be paid."

It is said by Sugden on Powers, (Vol. I, 118) that " No precise form of words is necessary. Powers, we have seen, are ·mere declarations of trusts, and therefore any words, however informal, which clearly indicate an intention to give or reserve a power, are sufficient for that purpose. " It is impossible to look at the will in question, without seeing the intention of the testator. He clearly intended to bequeath to his wife, a life estate in all of his real and personal property subject to, and charged with the debts of the testator. He also clearly intended to confer on her the power to sell and dispose of any of the property, either real or personal, when in her discretion, it should become necessary, in performing the trust imposed on her by the will, to pay the debts or to defray the ordinary expenses of the family. The power to dispose of the property for these purposes was left to her discretion, and not necessarily conferred on her in her official character as executrix, but conferred on her in consequence of the confidence reposed in her as his wife and the mother of his children, who were committed to her care and protection.

In the execution of this power, it was not necessary that she should describe herself as the executrix of the will. She might, in fact, have executed the power without ever qualifying as executrix. In the case of Hazel vs. Hagan, (47 Mo., 277,) the will of Hughes was very similar to the one under consideration. By his will, he bequeathed a life estate to his wife, authorized her to sell and dispose of his lands, etc., for the support and education of his children, and appointed her as executrix of the will. The wife after fully administering the estate and making final settlement, sold and conveyed part of the land, and although she had ceased to act as executrix and did not pretend to act as such, it was held that the sale was a good execution af the power. Judge Wagner who delivered the opinion of the court remarking in his opinion that "If the authority to sell be given as a trust to the same person named as executor, his resigning the trust as executor does not impair his power to sell." And in such case, it is well settled by the authorities referred to by the respondent, that where

the power is a general one to pay all debts or for any other general purpose, the purchaser from the donee of the power, need not inquire as to whether there are debts or whether the other general facts exist which are the objects of the power, particularly in a case like this, where these matters are left to the discretion of the person executing the power.

But the important question in this case is, was the deed executed by Louisa T. Campbell to Colby B. Holland properly construed by the court below to be a good execution of the power conferred by the will? This is a more difficult question. The deed from Mrs. Campbell to Holland is an ordinary deed executed in the usual form, purporting to convey the entire title to the four and a half acres of land in controversy to Holland in fee simple, also containing a covenant of seizin with the other general covenants of warranty.

The deed makes no reference to the will or the power conferred on the grantor to convey, or anything else from which it could be remotely inferred that the conveyance was being made by virtue of, or in execution of a power of any kind ; but it simply conveys the land as the land of the grantor.

It is admitted that at the time of this conveyance, Mrs. Campbell had a life estate in said land, and owned a very small part or portion of it in fee simple. The authorities do not all agree in reference to what construction should be given to a deed executed in the manner, and under the circumstances above stated. Judge Story in his work on Equity Jurisprudence, (2 Vol. § 1062) states the rule to be that : "In the execution of a power, the donee of the power must clearly show that he means to execute it either by a reference to the power or the subject matter of it, for if he leaves it uncertain whether the act is done in execution of the power or not, it will not be construed to be an execution of the power.

In the case of Blaggs vs. Miles, (1 Story Reports, 427,) where the execution of the power had been by will, Justice Story in delivering the opinion of the court, says that, "While the authorities might not be reconcilable with each other, yet the principle furnished is, that if the donee of the power intends

to execute, and the mode be in other respects unexceptionable, that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution valid and operative." "I agree, (says Judge Story,) that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. If it be doubtful under all the circumstances, then the doubt will prevent it from being deemed an execution of the power." In that case the will would have been wholly inoperative as to part of the property bequeathed, unless it were considered as being in execution of the power. I was held that the intention sufficiently appeared. In Sudgen on Powers, referred to by respondents' Attorney, it is held to be a question of intention to be gathered from the circumstances of the case, whether the instrument is to be construed as an execution of the power or not. The question, however, is what rule shall we adopt, or can any rule be adopted which will cause some uniformity of decision in such cases? Or shall we have no rule on the subject, and let each instrument be considered an execution of the trust or not, according to the opinion, as to the intent, of each judge who tries the case.

In the case of Mory vs. Michael, (18 Maryland, 227,) the rule is stated to be that, "The intention to execute a power of appointment by will must appear by a reference in the will to the power or to the subject of it, or from the fact that the will would be inoperative without the aid of the power." In that case the will did not refer to the power nor to the subject of it, and as the donee of the power had a small interest in the matter conveyed, upon which the will could operate, it was held to be no execution of the power. The same rule is laid down in 8 Watts, 203, and in other cases to which reference might be made. In this State, where the question has been considered, the adjudications have been consistent with, and I think uphold and recognize the rule laid down in Maryland. In the Collier Will case, (40 Mo., 287,) the donee of the power in her will made a direct reference to the power in these words. "Including any and all rights acquired by me

under the will of my late husband." The court held this to be sufficient evidence of an intent to execute the power. In the case of Hazel vs. Hagan, (47 Mo., 277,) before referred to, the power was executed by deed in which the will is mentioned, and a direct reference made to the provisions authorizing the sale. This was also held to be sufficient evidence of an intention to execute the power. It is, however, contended by the respondent in this case, that the deed from Mrs. Campbell to Holland having the covenant of seizin and of general warranty, it cannot be claimed that her only intention was to convey a life estate or any less estate than the fee simple title to the whole of the land included in the deed; that such conclusion would be wholly inconsistent with the covenants in the deed and hence the only reasonable inference is that she intended to execute the power. This argument seems to have some force, but the rule seems to be that, "If there be any legal interest on which the deed can attach, it will not execute the power," and I think it is unusual for conveyancers to insert covenants of seizin and other covenants of warranty in deeds made in the execution of a power; such deeds generally only profess to convey such estate as the donee of the power can convey by virtue thereof. Hence I think the argument proves as much in favor of the one construction as the other. This point, however, seems to have been considered in the case of Pease vs. Pilot Knob Iron Company, (49 Mo., 124,) that was a case similar in principle with the one under consideration. It was an action of ejectment. The plaintiff claimed through a mortgage executed in 1835, by James Johnson to James Rolfe and Andrew Jamison, and a subsequent conveyance by the mortgagees. The mortgage deed conferred power on the mortgagees, upon default, to sell the land at either private or public sale. They sold the land and conveyed by a deed containing covenants of warranty. The plaintiffs claimed that under this deed there was no reference to the power in the deed.

Judge Bliss, who delivered the opinion of the court in that case, uses this language: "In executing a power of sale the

conveyance, to be regular, should recite or refer to the power. This is a rule, and conveyancers should not disregard it. Still the omission of such recital or reference will not vitiate an attempted execution, provided that it be plain that it was the intention of the party to execute the power. It is a question of intention as shown by the instrument. It is presumed that one who executes a conveyance designs to perform a valid and effective act, hence the ordinary test, that if the instrument would be wholly inoperative unless taken as an execution of the power, the maker will be considered as having intended to execute it, although no reference to the power is made; but if there be any legal interest on which the deed can attach, it will not execute the power." It was further held in that case that the legal estate being in the mortgagees subject to the right of redemption, their deed could attach on this legal estate, and that the deed would therefore be construed to convey this legal estate in the same plight in which it was held by the mortgagees, and could not be construed to be an execution of the power. I think that the rule laid down in that case will tend to produce uniformity of decision in this State on that subject, and I can see no reason to depart from it in this case.

Hence the declarations of law given and refused by the court below in this case, as well as the judgment rendered for the respondent, being in conflict with this view of the law, the same ought to be reversed.

The other Judges concurring the judgment is reversed and the cause remanded.