———O———

THOMAS H. B. TURNER, Plaintiff in Error, *vs.* JOHN TIMBERLAKE, Defendant in Error.

1. *Wills—Construction of—Powers.*—In the construction of wills, any words however informal, which clearly indicate an intention to give or reserve a power, are sufficient for the purpose.

2. *Will—Construction of—Power of sale by widow.*—A will contained the following provisions: "It is my will that all my just debts be fully paid; and for that purpose, I desire my wife to sell of my lands the W. 1-2, S. W. 1-4," etc., "together with my black woman Hannah. I give and bequeath to my wife and my two children the remainder of all my estate and effects, after payment of my debts, to be disposed of in any manner that she may think best; so that the property or its effects may be appropriated to her use and benefit during her natural life; and at her death the remainder of the property or its effects may be appropriated to the use and benefit of my two children." *Held,* that under the will the wife was not limited to a life estate in the property, but that all of it might be sold before her death.

3. *Deed—Execution of power—Intendment.*—If from the language of a deed it is plain either by a reference to the power or otherwise, that it was intended to be made in the execution of a power, it will make the execution valid and operative.

4. *Will—Life estate—Power contained in—Deed—Execution of power.*—Where by the provisions of a will a life estate in certain land was conferred upon the wife with power to alienate the same during her life, her deed of the land embodying a copy of the will, and alleging that the deed is executed "in consideration of the provisions of the will," sufficiently shows the intention of the grantor to execute the power contained in the will.

*Error to Clay Circuit Court.*

*John G. Woods*, for Plaintiff in Error.

The intention of the testator must govern in the construction of the will (4 Kent, 534); and it will not be presumed, that the testator intended to give his wife the entire estate, or to give her the power to spend his entire property with a second husband, and leave his infant children in utter poverty. (Saylor vs. Plaine, 31 Md., 138.) The will gave Elvira Turner only a life estate. (Ide vs. Ide, 5 Mass., 503; Gregory vs. Cowgill, 19 Mo., 415; Jackson vs. Robins, 16 Johns., 537.)

*Lincoln & Woodsen*, for Plaintiff in Error.

First—Elvira Turner took a life estate in the land in controversy, with remainder in fee to Mary Jane and Thomas H. B. Turner. This is manifest from the reading of the second clause of said will, which expressly limits her interest to the period of her natural life—with remainder to two children above named. (R. C., 1835, p. 620, §§ 28, 29; W. S., Ch. 145; Ruby vs. Barnett, 12 Mo., 5; Norcum vs. D'Œnch, 17 Mo., 98; Rigginsvs. McClellan, 28 Mo., 23; Hazel vs. Hagan, 47 Mo., 277.)

This is not of that class of cases where an estate for life is enlarged into a fee by virtue of power of disposition over it. (3 Greenl. Cr., 316; 16 John., 588; 47 Mo., 277.)

In all these cases there is no limitation for life, and no disposition of the remainder, as in this case.

Second—If the widow only took a life estate, she had no power to dispose of the fee. (Gregory vs. Cowgill, 19 Mo., 415; Cate vs. Cranor, 30 Ind., 292; Riggin vs. McClellan, 28 Mo., 23; 12 Mo., 8.)

If the word "effects" be omitted in the reading of the second clause, it will not be contended that the widow has a power to dispose of the fee in said real estate. Defendant holds that it refers to proceeds that might arise from sale of lands made by widow. We think it clear that it relates back to the balance (if any) left after paying the debts of testator, out of sale of personal and real property directed to be sold, in first clause, for that purpose. For the reason if it does not relate back to

first clause, then there is no disposition in the will whatever, of such surplus as might remain after paying debts of deceased.

*Thomas McCarty, J. E. Merryman & D. E. Allen,* for Defendant in Error.

VORIES, Judge, delivered the opinion of the court.

This is an action of ejectment brought by the plaintiff for the recovery of a tract or parcel of land in the petition described. The answer denies the allegation of the petition.

Both parties claim the land under the will of one Samuel R. Turner, deceased. The plaintiff claims an undivided half of the land as a devisee under the will, and the defendant claims by virtue of a devise and power which is asserted to be contained in the will, and by a conveyance of the land by Elvira S. B. Turner, the wife of the testator, under the provisions of the will to one James K. Reed, and by a deed from said Reed to the defendant.

It was admitted on the trial by the defendant, that the plaintiff was the son of the testator, Samuel R. Turner, and that he is the Thomas H. B. Turner mentioned in the will as one of the devisees therein; that both parties claim under the will of Samuel R. Turner, deceased; that Elvira S. B. Turner named as executrix in said will was dead at and before the commencement of this suit, and that defendant was in the possession of the land sued for; that the will of Turner was duly admitted to probate. With these admissions the plaintiff read the will in evidence and closed.

The defendant on his part read the same will in evidence. He then offered a deed of conveyance from Elvira S. B. Turner to James K. Reed to the land in controversy. This deed was objected to by the plaintiff, for the reason that the deed conveyed only the life estate of the said Elvira to the land. The court overruled the objection, and the deed was read in evidence, and the plaintiff excepted. The defendant then offered in evidence a deed from said James K. Reed, purporting to convey the land in controversy to the defendant. This deed was also objected to by the plaintiff for the same reason

urged against the other deed read in evidence. This objection being also overruled, the plaintiff again excepted. The deed was then read in evidence, and the defendant closed the evidence on his part. The plaintiff asked the court to declare the law to be as follows: First—That Elvira S. B. Turner under said will took only a life estate in the land in controversy, and the two children the remainder in fee : Second—That said deed offered in evidence by defendant from Elvira S. B. Turner to James K. Reed conveyed only an estate in such real estate during the life of said Elvira S. B. Turner, and after her death the same belonged to the two children of Samuel R. Turner, deceased : Third—That plaintiff is entitled to recover in this action under the law and evidence. Fourth—"Elvira S. B. Turner, the executrix, having an interest in the land conveyed, and having conveyed without reference to the power in the will, the law presumes that she only intended to convey her interest. Therefore the deed to James K. Reed conveys only the life estate of the said Elvira S. B. Turner, and the remainder in fee is in plaintiff and his sister Mary Jane Turner, and Elvira S. B. Turner being dead, plaintiff is the owner of, and entitled to the possession of, one undivided half of the land described in said deed."

The court refused these declarations of law, and the plaintiff again excepted. The court then rendered a judgment in favor of the defendant.

The plaintiff at the time filed his several motions for a new trial, and in arrest of the judgment,which said motions being severally overruled by the court, the plaintiff again excepted, and has brought the case here by writ of error.

The construction of the will of Samual R. Turner, deceased, and the deed read in evidence from Elvira S. B. Turner to James K. Reed, are the only matters presented for the consideration of this court.

The will, under which both parties claim to hold the land in controversy, reads as follows:

"I, Samuel R. Turner, of the County of Clay in the State of Missouri, do make and publish this my last will and testa-

ment in manner and form following, that is to say: First—
It is my will that my funeral expenses and all my just debts
be fully paid, and for that purpose I desire my wife to sell or
have sold, either at private or public sale of my lands, forty-
five acres of the south end of the east half of the south-west
quarter of section No. thirty-two in Township No. fifty-two of
range No. thirty-one in the County of Clay and State of Mis-
souri, together with my black woman Hannah and her chil-
dren, except her son Alexander and daughter Adeline;
Second—I give, devise and bequeath to my wife Elvira S. B.
Turner and my two children, viz.: Mary Jane Turner and
Thomas H. B. Turner, the remainder of all my lands, negroes
and other property, and all of my estate and effects whatever,
that may remain after liquidation of my just debts, to be dis-
posed of by my wife Elvira S. B. Turner in any way she may
think best, so that the property or its effects may be appro-
priated to her use and benefit during her natural life, and
at her natural death the remainder of the property or its ef-
fects may be appropriated to the use and benefit of my two
children above named: and Third—I hereby constitute and
appoint my said wife, Elvira S. B. Turner, to be the executrix
to this my last will and testament, and therefore hereby
ratify and confirm this and no other to be my last will and
testament."

The decision in this case must turn on the construction of
the will. In its proper construction there are certain rules
that may be said to be of universal application: First—That
the intention of the donor as indicated by the words of the will,
after giving each part thereof its fair and usual meaning, is to
govern : and Second—That no formal set of words are neces-
sary, but that any words however informal, which clearly in-
dicate an intention to give or reserve a power, are sufficient
for the purpose. (1 Sugd. Powers, 118.) If we adopt these
rules in the construction of this will, we will find that the testator
in the first clause of the will directs that a certain forty-five
acre tract of his land, with some slaves in the will named, shall
be sold or caused to be sold by his wife either at private or

public sale for the purpose of paying his funeral expenses and his just debts. He then by the second clause of the will gives and bequeaths to his wife, Elvira S. B. Turner and his two children Mary Jane Turner and Thomas H. B. Turner, the remainder of all of his lands, negroes and other property, and all of his estate and effects whatever, that may remain after the liquidation of his just debts to be disposed of by his wife Elvira S. B. Turner in any way she might think best, so that the property or its effects may be appropriated to her use and benefit during her natural life, and at her natural death the remainder of the property or its effects may be appropriated to the use and benefit of his two children above named.

The intention of the testator in the use of the above language seems to me to be clear. He first provides for the payment of his debts by designating what he deems to be a sufficiency of property for the purpose, and directs that it be sold and the proceeds applied in that way. Then what remains of his property after the sale of the property designated, and the payment of his debts and funeral expenses, he gives to his wife and two children, and then proceeds to point out the manner in which the property shall be disposed of and enjoyed by them. He first provides, that the wife may dispose of the property in any way she may think best, so that the property or its effects shall be appropriated to her use and benefit during her natural life, and what remains of either the property or its effects at her death shall be appropriated to the use of the children.

The language used by the testator is the language of a confiding husband (perhaps an over confiding husband), who desired to provide for his wife and children, and who was willing to trust the interests of the children to their mother, to whom he gave full control of the property to be disposed of and used by her for her support; and he doubtless supposed that it would be used by her in the support and education of the children, all of which was intended to be left to her discretion during her life, and then what was left of either the property or the proceeds of the property, if it should have been sold, should go to the use and benefit of the children.

It is, however, contended by the plaintiff, that the testator only intended to give the wife the right to the most ample use and control of the property during her life, and that the property itself at her death should become the absolute property of the two children, and we are referred to the case of Riggins vs. McClellan, 28 Mo., 23, as being a case in point where a similar will was so construed.

In that case the main question discussed was, whether the word "heirs" as used in the will was to be construed to be a word of limitation or of purchase. The language of the will was: "I give and bequeath to my daughter Margaret Dean a negro girl named Hannah to be at her disposal during her natural life, then to go to the benefit of her heirs." The learned judge, in delivering the opinion of the court, uses this language: "As Mrs. Dean only took an interest for life, she could not defeat the remainder by selling the slave, and the expression, "for to be at her disposal during her natural life," did not authorize her to dispose of any greater interest than she had, and was intended, we think by an unskillful draftsman, only to confer the largest liberty in the use of the slave during her life and to the extent of her interest." We think the construction given to the clause of the will being considered in that case was entirely correct. The words, "for to be at her disposal during her natural life, then to go to her heirs," clearly indicated the intention to be that the slave, and not its effects or proceeds, should go to the heirs at the death of the donee for life. This would be wholly inconsistent with the idea that the owner for life could cut off the heirs by a sale of the property. In the case now being considered, the language is different, the language of the will is: "To be disposed of by my wife Elvira S. B. Turner, in any way she may think best, so that the property or its effects may be appropriated to her use and benefit during her natural life, and at her natural death the remainder of the property or its effects may be appropriated to the use and benefit of my two children above named." This clearly to my mind shows that it was contemplated that all of the property might be sold

and its character changed before the death of the wife; if not, why use the language, the "remainder of the property or its effects shall be, etc." The property or its effects clearly contemplates that the property might remain unsold; if so, it should be appropriated to the use of the children; if part of it was sold and used by the wife, then the remainder was to be appropriated to the children; and if all should have been sold, then what was left of the proceeds or effects of the property should be appropriated to the children. We think it is clear that to give a fair construction to the whole language of the will, it was intended by the testator to confer a power on his wife to sell the property named.

The remaining question is, does the deed executed by Mrs. Turner to Reed have the effect to execute the power, or was it only intended by the deed to convey the life estate in Mrs. Turner by the will? This again will depend on the intention, which must be gathered from the language of the deed.

If from the language of the deed the intention is shown to be, that it was made in the execution of the power either by a reference to the power or otherwise, it will make the execution valid and operative. (Blagge vs. Miles, 1 Story, 427, where all the authorities on the subject are reviewed.) But if the donee of the power has an interest in the subject matter to which the power relates, upon which the conveyance can operate, and no reference to, or mention of, the power is made in the deed, then it will be construed that the deed was not made in execution of the power, and only the interest of the donee of the power will pass. (Pease vs. Pilot Knob Iron Company, 49 Mo. 124; Owen vs. Switzer, 51 Mo. 322.) In the deed under consideration the power is referred to. The deed commences in the usual form by setting out the different parties, and then proceeds as follows: "That whereas the late Samuel R. Turner, deceased, late of Clay County and State of Missouri, did on the fifth day of November, one thousand eight hundred and fifty-four, make and publish his last will and testament, which was duly attested and recorded in the clerk's office of the Circuit Court of Clay County in

Book (N.) at page twenty-one,which recites as follows :" (here the whole will is set forth and copied into the deed at full length.) The deed then proceeds as follows : "Now, therefore, in consideration of the provisions of the above and foregoing will, and the further consideration of the sum of five thousand dollars to me Elvira S. B. Turner in hand paid, the receipt whereof is hereby acknowledged, I, the said Elvira S. B. Turner, party of the first part, have given, granted, bargained and sold, and by these presents do give, grant, bargain and sell, alien, convey and confirm unto said party of the second part, his heirs and assignees forever, certain tracts, pieces or parcels of land, etc." The deed here describes the land in controversy, and proceeds to the conclusion in the usual form of deeds conveying land absolutely with full covenants of warranty.

This, it is contended by the plaintiff, is not a sufficient reference to the power to show an intention on the part of Mrs. Turner to execute the power contained in the will. It is contended, that the deed only recites that she executed the deed "in consideration of the provisions of the will," which is not equal to saying that it was executed by virtue of the power in the will, and that therefore her intention is left in doubt, and that the doubt ought to be construed in favor of the inheritance. This proposition would be true, if the language used left the intention of Mrs. Turner in doubt; but we cannot see where there is any room for doubt; the whole will is copied, and then it is stated that the deed is executed in consideration of the provisions of the will; if it is executed under the provisions of the will, it cannot be seen what language would better convey the idea that it was by virtue of power derived from the will. We think that this deed comes exactly within the principles contained in the cases of Hazel vs. Hagan, 47 Mo., 277, and the Collier Will case, 40 Mo., 287, and 51 Mo., 322. It follows that the deed executed to Reed was a good execution of the power in the will, and that the Circuit Court properly refused the declarations of law asked for by the plaintiff.

Judge Napton and Wagner not sitting, the other Judges concurring, the judgment of the Circuit Court is affirmed.