————o————

59  275
42a· 339

59  275
e167 531

FRANCIS P. LITTLETON, *et al.*, Respondents, *vs.* W. H. ADDINGTON, Appellant.

1. *Wills—Conveyance by wife after ceasing to be executrix—Personal and official trusts—Life estate—Alienation, etc.*—By the terms of a will the testator appointed an executor and his wife as executrix, and gave them power to sell at private or public sale all his property as they might deem best for the interests of his estate, and to use the proceeds with a like discretion. The will also gave the wife a life estate during her widowhood. *Held*, that the will conferred an official and not a personal trust, and that after ceasing to be executrix, she had no power to alienate the property.

In such case, even though the trust were a personal one, not affected by her term of office, if the conveyance contained no reference to the power of alienation conferred by the will, nor to anything from which the power might be inferred, the deed would transfer nothing but her life estate.

*Appeal from DeKalb Circuit Court.*

*J. D. Strong & Bennett Pike*, for Appellant.

I. The devise of an estate with power of disposal will pass a fee. (Norcum vs. D'Œnch, 17 Mo., 98; Ruby vs. Barnett, 12 Mo., 3.)

The fact that authority to sell the real estate was given to Mrs. Branscom in connection with the other executor, did not impair her right to sell the same after the settlement of the estate and the discharge of the executors, the property being given to her as a personal trust, and for her own use and benefit. (Tainter vs. Clark, 13 Met., 220–27; Hazel vs. Hagan, 47 Mo., 277; Jackson vs. VanZant, 12 Johns., 169; State vs. Boon, 44 Mo., 226; Allison vs. Kurtz, 2 Watts., 158.)

II. In such a case as this, the power may be executed by deed, without reciting it or referring to it, provided the act shows that the donee had in view the subject of the power. (4 Kent. Com., 382–83; Jones vs. Wood, 16 Penn. St., 25; Blagge vs. Miles, 1 Sto., 426; Collier Will case, 40 Mo., 287; Hazel vs. Hagan, 47 Mo., 280–81.)

*Wm. Henry*, for Respondents.

I. The will did not vest in the widow such personal trust or power as to enable or empower her alone to convey a title in fee simple under the power given in the will. The will provides that "It is my will that my executors shall sell," etc. (Perry Trusts, 253, 4, §§ 273–4, p. 749, § 808; McRae vs. Farrow, 4 Hen. & Munf., 444; Dunlap's Pal. Agen., 177, note 1; Sinclair vs. Jackson, 8 Cow., 584; Green vs. Miller, 6 Johns., 39.)

II. Even if the will did vest in the widow such power as to enable her to convey a title in fee simple under the power given in the will, yet the deed from her to appellant is not to be construed as an execution of such power so as to vest in appellant the fee to the land in dispute, for the reason that said deed was not intended as an execution of the power, as shown from the face of the deed itself. (4 Kent's Com. [9th Ed.], 344; Jones vs. Wood, 16 Penn. St. [4 Harris], 25; Owen vs. Switzer, 51 Mo., 322, and cases there cited; Pease vs. Pilot Knob Iron Co., 49 Mo., 124.)

The true and uniform test is, whether there is any legal interest in the party, for if there be any legal interest on which the deed can attach, it will not execute the power. (See above authorities; 2 Washb. Real Prop., 324–5; White vs. Hicks, 33 N. Y., 383.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs, who were a portion of the heirs of Joseph E. Branscom, deceased. brought this action to recover certain real estate described in the petition.

It seems that Branscom, by his last will and testament, made his widow and one Brown executors of his estate; and that they qualified and executed the trust, and at the proper time made final settlement.

The land in controversy was not sold by the executors during the pendency of the proceedings in the Probate Court; but after the estate was finally settled and the executors were discharged, the widow alone sold the property to the defendant, and executed to him a general warranty deed therefor, and then, in a short time afterwards, she intermarried with him.

The question is, whether under the will the widow possessed the power of conveying the land; and if so, what estate she could rightfully convey.

The material portions of the will are as follows: " 2nd. I give and bequeath to my wife, Diana Branscom, the proceeds of the sale of all my property, both real and personal, requesting that she appropriate a sufficient sum out of said property or proceeds to educate my children, Rachael, Joseph E., Emma J., and Charles Arthur, to have the use of said proceeds during her natural life, or while she remains my widow; 3rd. It is my wish that my executors shall sell at private or public sale, all my property, both real and personal, as soon after my decease as they shall deem most expedient or for the best interest of my estate, and the proceeds thereof to be used or applied in such manner as my executors shall think best, or in such way as to preserve the whole amount of my property from waste; 4th. It is my will that at the marriage or death of my wife Diana, my property should be equally divided among my children living at that time, or to their heirs, providing, however, that my said wife have the sole and exclusive control and use of my said property or money during her life or while she remains my widow; provided further, that the provisions in regard to my children's inheritance in this section, apply to all my children now living, or their heirs; 5th. I hereby appoint my wife, Diana, and Ira Brown my executrix and executor to carry into effect the provisions of this, my last will and testament."

By the second clause above recited, it will be perceived that the testator gives and bequeaths to his wife the proceeds of the sale of all his property, and she is either to have the use of his property or the proceeds arising from a sale thereof, during her natural life or while she remains his widow. There is a request that she shall appropriate a sufficient amount to educate certain children therein named, otherwise, the use of the property or proceeds is to be absolutely hers, during her widowhood.

The third clause is the most important in the decision of this case, and in that he gives his executors power to sell at private or public sale all his property as they might deem best for the interest of his estate, and the proceeds were to be applied and used in such manner as the executors should think best, or in such a way as to preserve the whole amount of the property from waste. The intention is unmistakable. The testator confided in the wisdom and discretion of the executors, and gave them power to sell the property either privately or publicly, and use the proceeds in such a manner as would be most conducive to the interest of the estate.

Where a power is given to several persons having a trust capacity or an office in its nature like that of the executors of a will, susceptible of survivorship, if any of them die or become disqualified to act, the power will survive, unless it is given to them *nominatim*, as to the individuals by name. But in this case there was no survivorship; neither the executor or executrix died or became incapable of acting. They accepted the trust and performed the functions of their office, and brought the settlement of the estate to a final conclusion, without exercising the discretionary power vested in them of selling the land. After they were discharged from further acting in their fiduciary character one had as much power to sell as the other. If the widow possessed it, so did Brown, though he was nowhere named to do or perform any act touching the matter, except in the capacity of executor. That was the designation applied to both; and there is no evidence that any personal trust was reposed in either, outside of their official character.

In the case of Hazel vs. Hagan (47 Mo., 277), the testator willed to his wife all his property during her life; and he also willed that the land might be sold at any time for the comfort and benefit of his wife and the children left with her, as the executors might deem most expedient. The wife was named as executrix, and it was held that the power of sale was a personal trust, not necessarily to be executed by the widow in virtue of her office as executrix, but at any time that she might deem it advisable to carry out the design of the testator. There the property was to be sold at any time for the comfort and benefit of the wife and children, and the power might be executed at any time when it was deemed necessary for the purposes expressed. But here, the selling is to be done by the executors, and the proceeds used and applied by them in such manner as they, the executors, should deem best.

This entirely rebuts any presumption of a personal trust to be executed after they or either of them had ceased to act officially.

The 4th clause reiterates the provision that the wife shall have the sole use and control of all the property and money during her life, or as long as she remains his widow; and then declares that the same shall be divided equally among his children and grand-children at her death or marriage.

The will then gave her an estate for life in all the property or its proceeds, determinable at an earlier day in the event of her marriage. Thus, when she executed the deed to the defendant, she was possessed of a life estate, upon condition; and when she subsequently married, that estate determined and ceased to exist.

There is another point that is fatal to the claim of the defendant. The conveyance by which he obtains title, contains no reference to the will, or the power of alienation conferred in it, or anything from which the power might be inferred; and therefore, according to the rule laid down in Pease vs. Pilot Knob Iron Co., (49 Mo., 124); and Owen vs. Switzer (51 Mo., 322), it transferred only the life estate possessed by the widow.

The court, therefore, in giving judgment for the plaintiff, decided rightly upon the construction of the will and the validity of the defendant's title; but its judgment must be reversed because it awards the plaintiffs too much. It gives them the possession of all the property and all the damages and rents, when the record shows that they are only entitled to a moiety.

Judgment reversed and remanded; the other judges concur.