JOHN FIELDER, Administrator, v. D. D. ROSE *et al.*, Respondents.

St. Louis Court of Appeals, February 12, 1895.

1. **Administration:** CHARACTER OF HOLDING OF ESTATE BY EXECUTOR WHO IS ALSO LIFE TENANT: LIABILITY OF SURETIES ON EXECUTOR'S BOND. When an estate is devised for life to one who is also the

executor of the will, he will *eo instanti*, by operation of law, hold it individually as life tenant, as soon as he is entitled to receive it in that character. Accordingly, his sureties on his official bond will not be responsible to the remaindermen for his subsequent care of it, though no final settlement of the executorship ever takes place.

2. ———: PRESUMPTION. In an action between the remaindermen and such sureties the presumption will prevail, in the absence of proof to the contrary, that all the debts of the estate were paid within the time prescribed by law for the settlement of the estate.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*R. B. Bristow* and *T. P. Bashaw* for appellant.

The trust was annexed to the office of executor, and was accepted as such by the executor when he qualified; and, having never made a final settlement as executor, he and his sureties are liable. 2 Woerner's Am. Law of Administration, 721; *Earl v. Earl*, 93 N. Y. 103–110; 2 Williams on Executors [6 Am. Ed.], p. 1506, note *m*, and cases cited; 3 *Ibid.*, p. 1894, note *h;* 3 Redfield on Wills [3 Ed.], p. 612, also p. 613, paragraph 6.

*Clark & Dempsey* and *J. H. Blair* for respondents.

The money and property received by Simeon Moore, executor and beneficiary, were held in the latter capacity, and are not assets within the meaning of the statute; and it is immaterial whether he made a final settlement or not, since, upon 'payment of debts, he held as owner. *State to use v. Hearst*, 12 Mo. 365; *State to use v. Stephenson*, 12 Mo. 112; *Hazel.v. Hagan*, 47 Mo. 277; *Reyburn v. Mitchell*, 106 Mo. 377; *In re Final Settlement of Rickenbaugh*, 42 Mo. App. 328; *Owen v. Switzer*, 51 Mo. 322–328; *Rubey v. Barnett,*

12 Mo. 3; *Brooks v. Hope*, 139 Mass. 351; *Allen v. Kennedy*, 8 S. W. Rep. 882; *Phillipo v. Munnings*, 2 M. & Cr. 309–315; *Denne v. Judge*, 11 East, 288; Hill on Trustees, 237, 303; *State to use v. Thornton*, 56 Mo. 325; *Lindsay v. Estate*, 14 Phila. 269; *Walkins v. State to use*, 2 Gill and Johns. 220; *Karr v. Karr*, 6 Dana, 3.

BIGGS, J.—Emerett A. Moore died in Pike county in the year 1857. She left a will which was duly admitted to probate by the probate court of that county, and letters testamentary were granted to her brother Simeon Moore, who was named as executor. Omitting the formal parts, the will reads as follows: "I give and devise all my estate, real and personal, money and effects, viz.: One note to the amount of nine hundred and fifty dollars against Virgil Moore, of the township of Blendon, Franklin county, and state of Ohio, and in his possession; also one mortgage to the amount of five hundred dollars against Rufus Watson living in the township of Blendon, Franklin county, state of Ohio, now held in possession of the said Virgil Moore, and all other notes, moneys and effects in the hands of the said Virgil Moore, or wherever found, whereof I may die seized or possessed, to my beloved brother Simeon Moore, of the county of Pike and state of Missouri, to have and hold the same to himself during his natural life upon the uses and trusts following, namely: *First*, in trust to pay all my debts and funeral expenses; *secondly*, the remainder to be invested in negroes, real estate or whatever use the said Simeon Moore sees or wishes to put the ·same, to the advancement of his interest during his natural life; *thirdly*, after the death of the said Simeon Moore the above moneys and effects, in whatever shape it may be invested, I give and bequeath to the

heirs of my beloved sisters, Harriet E. Moore and Laura A. Moore, to be equally divided among the said heirs.

"And I hereby nominate, constitute and appoint said Simeon Moore as my executor of this my last will and testament, and I further nominate, constitute and appoint Virgil Moore, of the township of Blendon, Franklin county, Ohio, as executor of this my last will and testament after the death of the said Simeon Moore."

Simeon Moore qualified as executor, and the respondents are the securities on his official bond. On June 7, 1858, Moore filed with the probate court his first annual settlement, showing a balance due the estate of $1,470.04. There was some evidence tending to prove that Moore gave notice of his intention to make a final settlement of the estate at the April term, 1860, of the probate court. The settlement, however, was not filed until the succeeding August term, but was not then approved. Nothing else was done in reference to the estate until August, 1869, when D. D. Rose, one of Moore's securities, presented a petition to the probate court, asking that an order approving the final settlement of Moore, as aforesaid, be entered then as of April 20, 1860. This was done. It also appears that Moore left Missouri in 1860, and never returned. He died in the state of Texas in December, 1888. At the February term, 1892, of the probate court of Pike county, the appellant, who is the public administrator of the county, was ordered to take charge of said estate for the purpose of fully administering the same. He, thereupon, instituted the present proceeding, under sections 49 and 50 of the Revised Statutes of 1889, for the purpose of ascertaining the amount of money or other property belonging to the estate which had come into the hands of the deceased executor, and

which remained unaccounted for, and for judgment and execution therefor against the respondents as sureties on his bond. The respondents, in answer to citations, appeared and defended against the action. In the circuit court, where the proceeding had gone by appeal, the foregoing facts were developed at the trial. The investigation extended to other matters which we do not notice, because we deem them to be immaterial. At the conclusion of the evidence the court dismissed the proceeding, and entered a final judgment for the respondents. It is of this the appellant complains on this appeal.

We think that the conclusion reached by the circuit court is right. The conclusion is manifest that the testator intended to give her brother, Simeon Moore, a life estate in all of her property. In addition, the absolute power was given to him (after the payment of debts) to sell the property, and to invest, or thereafter reinvest it, in any manner he might choose, and he was to enjoy the usufruct thereof during his life. To the extent of paying the debts and performing other duties ordinarily attending the administration of the estate, he held the property *virtute officio*. Beyond that, the devise or bequest was to him as an individual, and the further trust developed upon him as such. In other words, the power to invest the residue of the estate, after the payment of the debts, was not annexed to the office of executor, and the conduct of Moore, as life tenant or trustee in that regard, could only have been controlled by a court of equity at the instance of those entitled to the reversionary interest. *Hazel v. Hagan*, 47 Mo. 277; *Owens v. Switzer*, 51 Mo. 322; *Allen v. Kennedy*, 8 S. W. Rep. (Ky.), 882; *Warfield v. Brand's Adm'r*, 13 Bush, 77; *Lasley v. Lasley*, 1 Duv. 117; *Brooks v. Hope*, 139 Mass. 351; *Hitchcock*

*v. Bank*, 7 Ala. 386; *Phillipo v. Munnings*, 2 M. & Cr. 309.

In the absence of proof to the contrary, the presumption must prevail that all debts were paid by the executor during the time prescribed by law for the settlement of estates. After that, the executor, as such, had no further use for the money, and, as he was the life tenant, or first taker, the residue of the estate in his hands, as executor, was, by operation of law, *eo instanti*, transferred to himself as such life tenant. This must necessarily be so, as the obligation of paying and the duty of receiving were united in the same person. *State ex rel. v. Hearst*, 12 Mo. 365. In this way the respondents, as sureties, were long since relieved from all liability, and the fact that no final settlement of the executorship was made is a matter of no legal significance. Whatever rights the reversioners may have, must be asserted against the estate of Simeon Moore.

The judgment of the circuit court will be affirmed. All the judges concur.